## WILLIAM HAMILTON v. ERASTUS PECK, CIRCUIT JUDGE OF INGHAM COUNTY.

*Pleading—Assumpsit—Bill of particulars.*

1. A specification in a bill of particulars of an item of plaintiff's demand as two-thirds of whatever sum remained in defendant's hands of $412,250, received by him for certain bonds and stock of a specified railroad company, after paying certain notes, describing them, but not giving their amount, is too uncertain and indefinite in the amount claimed, and should be amended or made more specific in this respect.

2. An order requiring a plaintiff to file an amended or more specific bill of particulars, under a common-count declaration in *assumpsit*, showing how and by what right and when the plaintiff or his assignors became entitled to each item of plaintiff's claim as stated in his original bill of particulars, and how and when he acquired such right, calls for information not required to be given in a bill of particulars.

3. The following general propositions are summarized from the opinion:

   *a*—By the practice of this Court, certain items are provable under the common counts in *assumpsit*, and upon demand a bill of particulars of such items must be furnished, which must be sufficiently specific and certain to apprise the defendant of what the demand is, and when the items accrued, and how it arose, and the amount claimed.

   *b*—The object of the practice for the production of bills of particulars is to obviate the uncertainty of general pleading. The intent is to secure such information as will enable the parties to make an intelligent preparation for trial, and to enter upon the investigation before the court or jury with an understanding as to what is really in controversy. *Cicotte v. County of Wayne*, 44 Mich. 174.

   *c*—If the specifications in a bill of particulars do not accord substantially with the facts, or omit essential matters, the other party can take advantage of this upon the trial. *Matthews v. Hubbard*, 47 N. Y. 428.

   *d*—In mentioning dates, it is not necessary that the exact date shall be given, but it may be stated as "on or about a certain day," and in that case the plaintiff is not restricted to proof of that special day. The question to be determined at the trial in each case is whether the proof is so variant from the date alleged as to mislead the opposite party.

   *e*—A bill of particulars is not required to contain all of the essentials of a special declaration. It is neither given nor required for the purpose of disclosing to an adverse party the proof relied on to substantiate the same; nor is it the office of such bill to furnish to the defendant facts whereon to found an affirmative defense. It need not state the grounds on which the plaintiff claims, but only the items and particulars.[1]

*Mandamus.* Submitted January 13, 1891. Granted in part January 16, 1891.

Relator applied for *mandamus* to compel respondent to vacate an order requiring plaintiff to file an amended bill of particulars. The facts are stated in the opinion.

[1] See the following cases relating to this subject: *Cicotte v. County of Wayne*, 59 Mich. 510 (head-note 6); *Nugent v. Teachout*, 67 Id. 571; *Wright v. Dickinson*, Id. 580; *Feiertag v. Feiertag*, 73 Id. 297, 80 Id. 489; *Shadock v. Plank-road Co.*, 79 Id. 7; *Tate v. Hamilton*, 81 Id. 221.

*S. L. Killbourne* (*Otto Kirchner*, of counsel), for relator.

*Frank L. Dodge* (*F. A. Baker*, of counsel), for respondent.

PER CURIAM. This is an application for a *mandamus* to compel the circuit judge of Ingham county to vacate an order, made in the case of *William Hamilton v. James M. Turner*, requiring the plaintiff—

" To file an amended or more specific bill of particulars, therein showing how each item of plaintiff's claim, as stated in the bill of particulars already filed, arose, with the date and amount of same, and how and by what right and when the plaintiff or his assignors became entitled, and how and when the plaintiff acquired such right; also at what time and in what way defendant became liable or indebted to the plaintiff or his assignors for the several items in said bill of particulars now filed in said cause."

The order also gave leave to plaintiff to file an amended declaration, if he desired to do so. The declaration filed was upon the common counts in *assumpsit*, in which, in some of the counts, the plaintiff alleged an assignment to him of the interests held by two other persons in certain specified items.

The defendant demanded a bill of particulars, which was furnished, consisting of five specified items, as follows:

" 1. Two-thirds of whatever sum remained in defendant's hands of the four hundred twelve thousand two hundred fifty dollars received by defendant on or about February, A. D. 1878, from William -H. Vanderbilt, for certain bonds and stock of the Chicago & Northeastern Railroad Company, after paying certain notes made or indorsed for the accommodation of William L. Bancroft by the defendant, Alexander McFarlane, lately deceased, William B. McCreery, and the plaintiff, or by any or either of them, for and on account of the construction of the said Chicago & Northeastern Railroad.

" 2. Two-thirds of one hundred twenty-five thousand

dollars received by the defendant from Russell Sage, of New York, on or about the fourth day of April, A. D. 1878, for two hundred and fifty bonds and seventeen hundred and fifty shares of the stock of said Chicago & Northeastern Railroad Company.

"3. Two-thirds of twenty-three thousand eight hundred twenty dollars received by the defendant from Mr. E. W. Meddaugh, and credited to defendant on a note held against him by Mr. Russell Sage, of New York, on or about November, A. D. 1878, for certain shares of stock of the Chicago & Northeastern Railroad Company.

"4. Two-thirds of one hundred seventeen thousand dollars received by defendant by the hands of Mr. Whitehouse, of New York, about January, A. D. 1884, for one hundred seventeen bonds of the said Chicago & Northeastern Railroad Company.

"5. Two-thirds of sixty thousand dollars received by defendant for the following 'receivers' certificates,' so called, issued pursuant to orders made by the circuit court of the United States for the Eastern District of Michigan, in equity, in a cause wherein the Union Trust Company, of New York, was complainant, and the Chicago & Lake Huron Railroad Company and others were defendants, to wit: Certificate No. 1, for twenty-five thousand dollars, and certificate No. 2, for one thousand ninety-seven and twenty one-hundredths dollars, both issued pursuant to an order made by said court on the twenty-second day of November, A. D. 1876, on account of the Eastern Division of said Chicago & Lake Huron Railroad; certificates numbers 4, 5, 6, and 10, for five thousand dollars each, and certificate No. 11, for five thousand eight hundred sixty-four and fifty one-hundredths dollars, issued pursuant to an order of said court made on the thirtieth day of October, A. D. 1876, as amended by a supplemental order made on the twenty-second day of November, A. D. 1876, and dated the thirteenth day of December, A. D. 1876, on account of the Western Division of said last-named railroad; and certificates numbers one and two, issued by an order of said court made on the twenty-fifth day of June, A. D. 1877, and dated the same day, for ten thousand dollars each, on account of said Western Division.

"The plaintiff claims interest on the several moneys above claimed. The plaintiff claims to recover said moneys above specified, and interest thereon, in his own right.

"The plaintiff also claims to recover other moneys, the description whereof is identical with those above specified, in his own right, and also as assignee of William B. McCreery, and interest thereon."

In *Cicotte v. County of Wayne,* 44 Mich. 174, it was said that—

"The object of the practice for the production of bills of particulars is to obviate the uncertainty of general pleading. The intent is to secure such information as will enable the parties to make an intelligent preparation for trial, and to enter upon the investigation before the court or jury with an understanding as to what is really in controversy."

If the specifications do not accord substantially with the facts, or omit essential matters, the other party can take advantage of this upon the trial. *Matthews v. Hubbard,* 47 N. Y. 428. In mentioning dates, it is not necessary that the exact date shall be given, but it may be stated as "on or about a certain day," and in that case the plaintiff is not restricted to proof of that special day. The question to be determined at the trial in each case is whether the proof is so variant from the date alleged as to mislead the opposite party.

It is not required that the bill of particulars shall contain all the essential elements of a special declaration. It is neither given nor required for the purpose of disclosing to an adverse party the proof relied on to substantiate the same; nor is it the office of such bill to furnish to defendant facts whereon to found an affirmative defense in his behalf. It need not state the grounds on which the plaintiff claims, but only the items and particulars. *Seaman v. Low,* 4 Bosw. 338; *Fullerton v. Gaylord,* 7 Rob. (N. Y ) 551; *Higenbotam v. Green,* 25 Hun, 214. If the rule were otherwise, a declaration upon the common counts would be practically abolished, for the defend-

ant could, by demanding a bill of particulars, compel the plaintiff, in effect, to file a special declaration.

By the practice of this Court, certain items are provable under the common counts, and upon demand a bill of particulars of such items must be furnished, which must be sufficiently specific and certain to apprise the defendant of what the demand is, and when the items accrued, and how it arose, and the amount claimed. The order in this case went much further than this. It required the plaintiff to state how and by what right and when the plaintiff or his assignors became entitled, and how and when the plaintiff acquired such right. This, in *assumpsit*, is mere matter of inducement, and is not absolutely necessary to be stated in pleading. 1 Chit. Pl. 296. In these respects the order went beyond the requirements of a bill of particulars.

All the items in the bill of particulars are for money had and received, and are provable, if at all, under that count. It is not apparent how the statement of the right of the plaintiff to the items named, and when the plaintiff or his assignors became entitled to such right, or when and how they acquired such right, is essential to enable the defendant to prepare his defense. It is only necessary in a declaration for a plaintiff to state his right or title in general terms. The evidence by which such right or title is to be established is not necessary to be stated in the pleading of the plaintiff.

We think that the second, third, fourth, and fifth items of the plaintiff's bill of particulars are sufficiently specific. They specify the amount of money had and received by the defendant, how the amounts arose, and the date, with sufficient certainty. They come within the ruling of this Court in *Wright v. Dickinson*, 67 Mich. 580. The first item does not come within our previous

rulings. It is too uncertain and indefinite in the amount claimed, and should be amended or made more specific in this respect.

The order complained of must be vacated as to items numbered 2, 3, 4, and 5, and modified as to item No. 1, so as to require a more specific bill as to this item, stating the amount claimed.