ANTI-KALSOMINE CO. *v.* KENT CIRCUIT JUDGE.

1. BILL OF PARTICULARS—ACTION OF TORT.

   In a case where, if recovery is had, it must be for specific amounts paid to specific parties or due under contract, and concerning which the declaration contains only general allegations, a bill of particulars is demandable, though the declaration, as a whole, sounds not in *assumpsit,* but in tort.

2. SAME—PLEADING AND PROOF.

   One alleging fraudulent interference with his business, whereby customers of his were discouraged through unfair and arbitrary treatment, and salesmen were employed to entice away his customers, cannot be required to give a bill of particulars setting forth the names of such customers and salesmen, but, in refusing to do so, he assumes the risk of his declaration's not being sufficiently specific to admit proof of the damages sought to be recovered.

*Mandamus* by the Anti-Kalsomine Company to compel William E. Grove, circuit judge of Kent county, to grant a motion for a bill of particulars. Submitted February 21, 1899. Writ granted March 6, 1899.

The declaration in this case is given in full in *Church* v. *Anti-Kalsomine Co.*, 118 Mich. 219. After that decision was rendered, defendant demanded a bill of particulars of the plaintiff's claim. Plaintiff refused to furnish it, and the circuit court refused to order it. The object of this proceeding is to compel the plaintiff to furnish it.

*T. J. O'Brien* (*Fletcher & Wanty*, of counsel), for relator.

*Hyde, Earle & Thornton,* for respondent.

GRANT, C. J. The court refused to order a bill of particulars, upon the ground that this was an action of tort, and no bill of particulars is required,—basing its conclu-

sion upon *People* v. *Marquette Circuit Judge*, 39 Mich. 437; *Kehrig* v. *Peters*, 41 Mich. 478; *Shadock* v. *Plank-Road Co.*, 79 Mich. 7. It will be observed that the declarations in these three cases are grounded wholly upon torts, and contain nothing sounding in *assumpsit*. *People* v. *Marquette Circuit Judge* was an action of trespass. *Kehrig* v. *Peters* was an action by a wife, under the liquor law, for damages caused by the sale of intoxicating liquors to her husband. The demand for a bill of particulars was denied because the suit was "an action on the case for consequential injuries." *Shadock* v. *Plank-Road Co.* was an action of negligence for injuries alleged to have been caused by a defective highway. The clause of the declaration in the last case, under which defendant asked for a bill of particulars, was that "plaintiff was hurt, bruised, and wounded." The court held that defendant was not entitled to any bill of particulars. It is significant, however, that plaintiff took his risk in relying upon so general a statement, and upon the trial was limited to the natural meaning of the words used. See 79 Mich. 11. The court therefore held that evidence of fractures of the shoulder, arm, and hand, and a temporary strain of the hip, was inadmissible. The court, speaking through Justice CAMPBELL, said:

"The object of the allegations in the declaration is to give defendant information of facts which were within plaintiff's knowledge, and, if plaintiff meant to prove them, he was bound to allege them. It would be impossible, otherwise, to be prepared to meet the evidence connecting plaintiff's injuries with the accident, or showing their nature and extent, or their consequences on plaintiff's physical condition, or the measures taken to remedy or help them."

When a declaration, whether in tort or in *assumpsit*, declares specially, and sets out a cause of action, courts will not permit the defendant to be taken by surprise, and will therefore limit a plaintiff, in his proof, to the natural results of his allegations. The declaration in this case is

special, but many of the allegations are general. We do not construe the above cases to mean that in no action of tort can a bill of particulars be demanded. Some of the counts in this declaration sound in *assumpsit*, and *assumpsit* would clearly lie for them. The necessity for a bill of particulars is the same whether the action be in tort or in *assumpsit*. It is alleged in paragraph 18 that defendant—

"Fraudulently credited to the said plaster business large sums of money earned by said defendant in its business other than said plaster business, * * * and fraudulently paid out of its funds large sums of money, to wit, $5,000, for the benefit of said A. D. Rathbone, president, and J. L. Hamilton, vice-president, of the Diamond Wall-Finish Company, without consideration or compensation, and fraudulently expended large sums of money, to wit, $40,000, in the maintenance of said Diamond Wall-Finish Company as its competitor."

So, in paragraph 19, it is charged that plaintiff expended large sums of money for litigation in England, which defendant has refused to pay. So, in paragraph 20, it is charged that defendant has refused to pay said plaintiff his stipulated salary.

The above statements are sufficient to show the precise point at issue. The above decisions cannot be construed to be applicable to a case like this, where, if recovery is had, it must be for specific amounts, paid to specific parties or due under contract, and as to which the declaration contains only the most general allegations. No argument or citation of authority is needed to show the propriety and fairness in notifying the defendant what he is called upon to meet.

While there would seem to be much reason in requiring the plaintiff to give the names of the customers of the Anti-Kalsomine Company claimed to have been discouraged by unfair and arbitrary treatment, and the names of the salesmen who were alleged to have been instructed to obtain for the Diamond Wall-Finish Company the customers of the Anti-Kalsomine Company, and other like

statements, yet we think this comes within the decision of *People* v. *Marquette Circuit Judge, supra;* and if, upon the trial, testimony is offered upon these allegations, the court must determine whether the damages sought to be proved are within the declaration, under the rule established in *Shadock* v. *Plank-Road Co., supra.*

The writ must issue, with costs against the plaintiff, Church.

The other Justices concurred.