## APPLEBAUM *v.* GOLDMAN.[1]

1. JUSTICES OF THE PEACE — PLEADINGS — COMMON COUNTS IN ASSUMPSIT.

   While pleadings in justices' courts, whether oral or written, are treated with liberality, a declaration on the common counts in assumpsit will not support a recovery for the value of merchandise sold by an express, written contract, and paid for but not delivered.

2. PLEADINGS—BILL OF PARTICULARS—HOW TREATED.

   A bill of particulars is not a pleading; it may restrict but cannot enlarge the scope of the recovery permissible under the declaration.

3. JUSTICES OF THE PEACE—RETURN ON APPEALS — STIPULATIONS.

   In appeals from justices' courts the return is the record from which the nature of the proceedings in that court is determined. And where it affirmatively appears from the return and the docket entries that the plaintiff declared upon the common counts in assumpsit, and after verdict in the circuit court, and by stipulation it was made to appear that upon a file cover the justice had indorsed the additional words

[1] Rehearing denied May 25, 1909.
Headnotes prepared by OSTRANDER, J.
155 MICH.—24.

"especially for breach of contract," it will not be assumed,
no further or amended return having been procured, that the
declaration was special.

4. SAME—APPEAL AND ERROR.

Whether, if it affirmatively appeared that the issue tried in
the circuit court was the same as that tried in the justice's
court and that no objection was made in justice's court to
the declaration, a ruling of the circuit court that the declara-
tion was sufficient should be held to be error without prejudice,
is not decided.

Error to Wayne; Mandell, J. Submitted November
12, 1908. (Docket No. 129.) Decided February 2, 1909.

Assumpsit in justice's court by Isaac Applebaum
against Hyman L. Goldman for breach of a contract for
the sale of certain goods. There was judgment for plain-
tiff, and defendant appealed to the circuit court. There
was judgment for plaintiff, and defendant brings error.
Reversed.

*Robert M. Brownson* (*Robert M. Webster*, of counsel),
for appellant.

*A. J. Groesbeck*, for appellee.

The contract made by the parties to this suit is evi-
denced by a writing of which the following is a copy:

                                        "February 12th, 1903.
"Mr. H. L. GOLDMAN,
            "City.
   "*Dear Sir:* I hereby offer you for all the machinery
seen by me at Clark avenue and M. C. R. R. consisting
of three boilers, 100 H. P. engine and all the wood and
iron planers, pulleys, shafting, etc., and from ten to
twelve ton of iron in your yard including brick and frame
building and all old iron on the buildings as inspected by
me and all the attachments for same and guarantee the
engine to be complete with all the attachments with
the brass bearings belonging to same for which I under-
stand was stolen and you to replace same also 3 smoke
stacks for fifteen hundred ($1500) dollars spot cash. I

am to take same away at my own expense. This must be accepted immediately or different arrangements will be made.

"Yours truly,
"I. APPLEBAUM.

"Accepted
"H. L. GOLDMAN."

It was fully performed by the plaintiff by payment of the purchase money. It is his contention that not all of the property purchased was delivered to him. He began suit in justice's court, filing the following bill of particulars:

"To the value of the following articles bought upon express contract and not delivered:

| | |
|---|---|
| "6 foot power stave jointers, at $10 | $60 00 |
| 1 large anvil | 10 00 |
| 1 vise | 3 00 |
| 30 iron and wood pulleys, at $1.00 | 30 00 |
| 1 left hand stave heading and shingle bolter | 35 00 |
| 1 plough | 5 00 |
| 1 haycutter | 5 00 |
| 6 circular saws, at $5.00 | 30 00 |
| 3 saw arbors without frames, at $7.00 | 21 00 |
| 18 iron hangers, at $1.00 | 18 00 |
| 1 five feet wheel jointer | 50 00 |
| 1 improved pendulous shingle and heading sawing machine | 75 00 |
| 1 ton of scrap | 13 00 |
| 1 cylinder saw | 125 00 |
| Total | $480 00" |

He recovered judgment for $291. An appeal was taken to the circuit court, where plaintiff had a verdict and judgment for $480. At the trial the plaintiff was a witness, and having introduced the contract in evidence an objection was made to the introduction of any further testimony upon the ground that the plaintiff had declared upon the common counts in assumpsit; that it appeared that the action was for breach of an express contract, and in the absence of a special count assigning such breach no

recovery could be had.   The objection was overruled, and defendant excepted.   It appears from the return of the justice that the plaintiff declared in an action of assumpsit on all the common counts, claiming damages of $500 or under.   The defendant pleaded the general issue, with notice of set-off and recoupment.   It appears further from a stipulation made and filed in the circuit court after the bill of exceptions was settled, found in the printed record, that upon the file cover used by the justice he indorsed:

"Plaintiffs declare in an action of assumpsit on all the common counts, especially for breach of contract; claim damages $500.00 or under."

The docket entry is:

"Plaintiff declares in an action of assumpsit on all the common counts; claims damages $500.00 or under."

Counsel who appeared for defendant in the circuit court did not appear for him in justice's court and had no knowledge of the proceedings had in said cause in justice's court except as gained from the return of the justice.   Delivery of some of the goods which plaintiff claimed to have bought having been refused by a person in charge of the property, plaintiff obtained from defendant a written order to such person, which reads:

"DETROIT, MICH., March 3, 1903.
"Dear Sir:  Please deliver to Isaac Applebaum or bearer, all the pulleys, gauges, saws, machines, etc., which you have belonging to me, the same being in the barn and office.
"H. L. GOLDMAN."

Thereafter, a servant of the plaintiff, having loaded certain property upon a wagon preparatory to moving it away, was ordered by defendant to unload it, which he did, taking an inventory of what he so unloaded.   The inventory corresponds with the bill of particulars.   The evidence upon this subject, including the said inventory, was received over objection and exception, the objection being that it tended to vary by parol the terms of a writ-

ten instrument, and this objection was based upon the proposition that by the terms of the written contract it appears that the property described in the plaintiff's bill of particulars is not property described or referred to in the contract. Later, the court was moved to direct a verdict for the defendant upon the ground that no recovery could be had upon the common counts in assumpsit, and that the declaration was defective in not containing a special count. A motion for a new trial was made and was denied. The reasons assigned for a new trial were that the verdict was against the weight of evidence; that it awarded plaintiff excessive and exorbitant damages; that the court refused to direct a verdict for defendant, refused to strike out testimony relating to the items of plaintiff's bill of particulars not specified in the written contract, and refused to charge the jury as requested by defendant.

OSTRANDER, J. (*after stating the facts*). The articles claimed to have been sold and paid for, but not delivered, were part of a larger quantity, all being sold together for a lump sum. The suit is not brought to recover any specific or proportional part of the purchase money which was paid, but to recover the value of the undelivered goods. It is in affirmance of the contract. The meaning of the common counts in assumpsit has been in modern times rather enlarged than restricted, but none of them is calculated to apprise the defendant of the nature of the plaintiff's demand in this case, and under none of them is plaintiff entitled to recover. *Pierson* v. *Spaulding*, 61 Mich. 90, 94. See 2 Stevens' Michigan Practice, §§ 322–331, and notes, where the decisions of this court are collected. Pleadings in justice's court, whether oral or written, are treated with great liberality, and it is the general rule that a declaration good in justice's court is good on appeal. *Lynch* v. *Craney*, 95 Mich. 199; *Bradshaw* v. *McLoughlin*, 39 Mich. 480; *Soper* v. *Mills*, 50 Mich. 75; *Daniels* v. *Clegg*, 28 Mich. 32, 46. It has been

intimated, too, that the bill of particulars may be referred to to amplify or make certain a declaration in justice's court. *Nugent* v. *Teachout*, 67 Mich. 571; *Davis* v. *Gerber*, 69 Mich. 246; *Bush* v. *Brooks*, 70 Mich. 446; but in each of these, as in other like cases, it was held that a recovery could be had under the common counts. A bill of particulars is not a pleading in any court. It may restrict, but cannot enlarge, the scope of the recovery permissible under the declaration, and the issue made by the pleadings is not changed by its amendment. *Cicotte* v. *County of Wayne*, 44 Mich. 173; *Weston* v. *County of Luce*, 102 Mich. 528. It is said that the declaration in the case at bar is special, that the indorsement upon the file is notice of this; that in any event the defendant was apprised of the issue to be tried and tried it in justice's court without objection. In appeals from justice's court the return of the justice is the record from which the nature of the proceedings in justice's court is determined, when the pleadings are oral. The practice does not permit the return to be amended, after verdict, by stipulation of the parties, although such a stipulation, brought upon the record, might perhaps in some cases be treated as an admission. But it is a sufficient answer to the contention of the appellee to say that it does not appear from the return, from the docket entries, or from the indorsements referred to, that the declaration was, or was intended to be, special. It cannot be said, as matter of law, that the issue tried in justice's court was the same issue tried in the circuit court. We have no doubt that it was, in fact, the same issue. Whether the objections made at the circuit were also made in justice's court, we cannot know. Much as we regret the situation, we have no alternative except either to refuse to apply settled rules or to reverse the judgment. It is reversed, and a new trial granted.

Montgomery, Hooker, Moore, and McAlvay, JJ., concurred.