MINEAU *v.* BOISCLAIR.

1. PLEADING—BILL OF PARTICULARS—THEORY OF CASE.
    Where bill of particulars clearly indicating plaintiff administratrix brought action on theory that defendant had in her possession money belonging to the estate and was under the legal obligation to pay such money to the plaintiff and case was tried and submitted to the jury on such theory, defendant is in no position to claim on appeal that she was not sufficiently informed by the declaration as to the nature of plaintiff's cause of action (Court Rule No. 19, § 1 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[3] 7 Am. Jur., Banks, § 426 *et seq.*
[3] Gift or trust by deposit of funds belonging to depositor in a bank account in the name of himself and another. 48 A.L.R. 189; 66 A.L.R. 881.
[4] Parol evidence rule as applied to deposit of funds in name of depositor and another. 149 A.L.R. 862.
[6] 21 Am. Jur., Executors and Administrators, § 330.

2. MONEY RECEIVED—FORM OF ACTION.

Administratrix who claimed that moneys deposited in bank account under joint name of deceased and defendant belonged to the estate was not required to bring suit in equity for an accounting but was entitled to sue at law on the common count for money had and received (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

3. BANKS AND BANKING—JOINT ACCOUNTS—PRESUMPTION AS TO INTENT.

Under statute relating to joint bank deposits, a deposit in the joint names of two or more persons is merely prima facie evidence of an intention to vest title in the survivor or survivors, a rebuttable presumption which may not be weighed against competent evidence (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

4. SAME—JOINT ACCOUNTS—EVIDENCE—QUESTION FOR JURY.

In action at law by administratrix to recover money alleged to belong to estate which had been deposited in bank account in joint names of deceased and defendant, where plaintiff and her daughter testified arrangement was for convenience of deceased who could not visit bank in person and defendant claimed that if anything was left in the bank account the deceased had agreed it was to belong to defendant, evidence presented question of fact for jury and supported verdict for plaintiff (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

5. SAME—JOINT ACCOUNT—INSTRUCTIONS—IMPEACHMENT.

In action to recover proceeds of joint bank account which defendant who had provided care, food and nursing attention claimed as survivor, it was not error for trial court in instructing jury as to impeachment testimony to refer to defendant's claim in probate court for care, nursing services and board furnished deceased.

6. ESTATES OF DECEDENTS—CLAIMS—FUNERAL EXPENSES.

A bill for funeral expenses may properly be filed in the probate court against the estate of the deceased.

7. NEW TRIAL—REMITTITUR—SET-OFF—PLEADING.

Request that remittitur in amount of funeral bill for deceased be filed as conditon of denial of new trial in action by administratrix to recover proceeds of joint bank account deceased had with defendant was properly denied, where defendant did not plead set-off.

Appeal from Delta; Bell (Frank A.), J. Submitted October 14, 1948. (Docket No. 47, Calendar No. 44,059.) Decided November 12, 1948.

Action by Exilda Mineau, administratrix of the estate of Mary Beaudry, deceased, against Matcherel Boisclair to recover money belonging to the estate. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Alger W. Strom,* for plaintiff.

*Yelland & Yelland,* for defendant.

CARR, J. Plaintiff herein, as administratrix of the estate of Mary Beaudry, deceased, brought suit in circuit court to recover money and property claimed to belong to the estate. The first count of the declaration alleged in substance that decedent died on June 12, 1946, that some weeks prior thereto she received from the sale of property that she owned a check in the sum of $1,096.35, that such check was deposited by defendant in a bank in the joint names of herself and Mary Beaudry, and that on June 17, 1946, defendant withdrew the money from the bank. Refusal to account therefor to plaintiff was also alleged. Said count also set forth that defendant had in her possession a fur coat and a diamond ring belonging to the estate which she refused to deliver to plaintiff. The second count of the declaration was based on the common count in assumpsit for money had and received. To it was attached a bill of particulars reciting that defendant had in her possession the sum of $1,096.35 belonging to the estate, which she was withholding from the possession of the administratrix. Defendant in her answer to the declaration denied the material facts alleged by plaintiff as the basis of the cause

of action on which recovery was sought, and pleaded that the joint account was established with the understanding that the defendant, if she survived Miss Beaudry, should become the absolute owner of the fund.

At the outset of the trial the fur coat and the ring referred to in the pleadings were by mutual agreement turned over to the plaintiff. Thereupon the trial court indicated that the case would proceed and be submitted to the jury on the second count. The record does not indicate that the first count was formally stricken or that it was withdrawn.

The proofs offered on behalf of plaintiff indicated that after the receipt of the check in question Miss Beaudry discussed with plaintiff the matter of the disposition of the money and was advised that it would be well to deposit it in a joint account in the names of Miss Beaudry and defendant so that the latter, with whom Miss Beaudry was then living, might make withdrawals from time to time. It is undisputed that Miss Beaudry was at that time quite ill and unable to handle her affairs without assistance. Subsequently the check, indorsed by Miss Beaudry and the defendant, was taken by the latter to the bank where the sum of $800 was deposited in the joint account. The balance was paid in cash to defendant, and it is undisputed that she turned the money over to Miss Beaudry. The record does not disclose the final disposition of such sum. Defendant admitted that she withdrew the deposit from the bank after Miss Beaudry's death.

At the conclusion of plaintiff's case defendant moved for a directed verdict, which motion was denied. Thereupon she offered testimony in support of her claims as set forth in her answer to the declaration. She testified in substance, apparently without objection, that there was an agreement and understanding between herself and Miss Beaudry

that she was to become the owner of the money in the joint account after Miss Beaudry's death. In such claim defendant was corroborated by the testimony of her daughter. The motion for a directed verdict was renewed by defendant at the conclusion of the proofs, and was again denied. The question as to the ownership of the money in dispute was submitted to the jury, and a verdict was returned for plaintiff in the sum of $1,096.35. Defendant's subsequent motion for a new trial was denied on condition that plaintiff remit the amount of the verdict over and above $800, the sum actually deposited in the joint account. Plaintiff consented thereto and judgment was rendered accordingly. Defendant has appealed, claiming that under the pleadings and the proofs a verdict should have been directed in her favor, and that, if it is determined that such claim is not well founded, errors in the submission of the case to the jury were of such character as to necessitate the granting of a new trial.

On behalf of defendant it is urged that the second count of the declaration was insufficient to permit recovery. Reliance is placed on Court Rule No. 19, § 1 (1945), which requires that "The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend." Apparently it is defendant's theory that the plaintiff was seeking to recover on the check, part of the proceeds of which were deposited to create the joint account. The bill of particulars, however, clearly indicates that plaintiff brought suit on the theory that defendant had in her possession money belonging to the estate and was under the legal obligation to pay such money to the plaintiff as administratrix. The case was tried and submitted to the jury on such theory. Defendant is not in position to claim that she was not sufficiently

informed by the allegations of the declaration as to the nature of plaintiff's cause of action. Plaintiff was not required to bring suit in equity for an accounting. She was entitled to bring action to recover money claimed to be due the estate by suit at law based on the common count for money had and received. *Harty* v. *Teagan,* 150 Mich. 75. See, also, *Thurber* v. *Aldrich,* 167 Mich. 656; *DeCroupet* v. *Frank,* 212 Mich. 465.

Defendant further contends that the evidence on the trial was not sufficient to justify submission of the case to the jury or to support the verdict rendered. In support of her contention defendant relies on 3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 12063, Stat. Ann. 1943 Rev. § 23.303). Insofar as material here, said section reads as follows:

"When a deposit shall be made, in any bank by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof. * * *

"The making of the deposit in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding, to which either such banking institution or surviving deposi-

tor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors."

Under the concluding paragraph of the statute the making of a bank deposit in the joint names of two or more persons is merely prima facie evidence of an intention to vest title in the survivor or survivors. Such a presumption is rebuttable and may not be weighed against competent evidence. See *Van't Hof* v. *Jemison,* 291 Mich. 385; *Allstaedt* v. *Ochs,* 302 Mich. 232; *Manufacturers National Bank* v. *Schirmer,* 303 Mich. 598; *Mitts* v. *Williams,* 319 Mich. 417; *Pence* v. *Wessels,* 320 Mich. 195.

In the instant case the proofs offered by plaintiff, consisting principally of the testimony of plaintiff and her daughter, tended to establish that the deposit in the bank was made in the joint names of Miss Beaudry and defendant solely as a matter of convenience in the withdrawal of money from the account. It is not disputed that Miss Beaudry's physical condition at the time was such that she could not visit the bank in person, and that in consequence some arrangement was necessary by virtue of which another could act in her behalf. Defendant's claim on the trial was in substance that the agreement between herself and Miss Beaudry at the time the account was opened contemplated that defendant, if she survived Miss Beaudry, was to become sole owner of any balance that might remain in the account. The issue was one to be determined on the basis of the proofs. It was for the jury to weigh the testimony of each witness and determine the fact. There was no error in submitting the matter to the jury, and the testimony of plaintiff and her daughter, which the jury obviously accepted, was sufficient to support the verdict.

On the trial of the case it developed that defendant had filed a claim against the estate, covering services claimed to have been rendered by her to Miss Beaudry, medical bills and funeral expenses. It does not appear that at the time of the trial of the instant case any action had been taken with reference to such claim. Defendant's daughter, who was a witness in defendant's behalf, testified in substance that the agreement between Miss Beaudry and defendant contemplated that the latter should have the money here in question for taking care of Miss Beaudry. Defendant gave a somewhat different version of the alleged agreement, claiming that the money was given to her outright and not by way of compensation for services rendered or to be rendered. In submitting the case to the jury, the trial judge referred to the claim which defendant had filed in probate court, stating that the fact of such filing was not conclusive of the issue before the jury and that defendant and her attorneys had the right to take such steps as they believed necessary to protect defendant's interest. It was further indicated that the purpose for which the claim was made was for the determination of the jury.

Defendant urges that the reference to her action in filing the claim was prejudicial error. The testimony was presumably offered and received for purposes of impeachment. As before noted, the testimony of defendant's daughter indicated that the agreement relied on by defendant was that the latter should have the money remaining in the joint deposit after the death of Miss Beaudry to compensate her for care, food, nursing, et cetera, that she furnished to Miss Beaudry. Defendant's testimony was not in accord with that of her daughter. Obviously the filing by defendant of the claim in probate court was inconsistent with any theory that she was to be compensated, for care, nursing services and

board furnished by her to Miss Beaudry, by the
fund involved in this case. On the record it cannot
be said that the trial court was in error in referring
to the matter in his charge to the jury. The lan-
guage used clearly indicated that the court was
endeavoring to protect the rights of the defendant
by impressing on the minds of the jurors that the
filing of the claim in probate court was not necessar-
ily controlling in the case, that such action, if
deemed necessary by defendant and her counsel in
order to protect her interests, was proper, and that
the determination of the actual purpose was for the
jury. It might well have been anticipated that the
jury in determining what impeaching force, if any,
should be accorded the testimony, would consider
reasons, suggested by the testimony or perhaps ad-
vanced in argument by counsel, for the filing of the
claim in probate court. The trial court was not in
error in indicating to the jury the proper scope of
the testimony.

It appears from the record that defendant paid a
bill for funeral expenses for Miss Beaudry, in the
sum of $210, which item was included in the claim
for $643 filed by her in the probate court proceeding.
On this appeal it is claimed in her behalf that the
trial court was in error in not requiring plaintiff to
remit that sum from the verdict returned by the
jury, in addition to the sum of $296.35 before men-
tioned. Counsel for plaintiff calls attention to the
fact that set-off was not pleaded, and cites *Curry* v.
*Raich,* 245 Mich. 146. It was there held that the
defendant, who had failed to plead a set-off based on
services rendered by him to plaintiff, could not be
heard to complain on appeal that his claim was not
considered. The bill for funeral expenses was prop-
erly filed in the probate court. See *Quinn* v. *McGov-
ern,* 97 Mich. 114; *Thurber* v. *Aldrich, supra.* The
trial court was right in denying defendant's request

that plaintiff be required to remit the amount of the bill for funeral expenses as a condition of the denial of the motion for a new trial.

Incidental questions raised by counsel in their briefs have been considered but do not require discussion. The judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.