CARVER v FORD MOTOR COMPANY

Docket No. 46034. Submitted April 13, 1981, at Detroit.—Decided August 5, 1981.

Joann Carver, for herself and as guardian of her minor son Joseph L. Carver, brought an action against Ford Motor Company for damages for negligence and breach of express and implied warranties. Joseph L. Carver had been severely burned in a fire in the interior of an automobile. The suit was filed more than five years after the fire. Upon motion of the defendant, the Wayne Circuit Court, John M. Wise, J., dismissed the plaintiff's individual cause of action on the basis of the statute of limitations and because of the plaintiff's alleged failure to answer defendant's interrogatories. Plaintiff appeals. *Held:*

1. The affidavit of a qualified psychologist submitted by the plaintiff, wherein it was stated that during the time between the fire and the filing of suit the plaintiff's mental condition disabled her from comprehending or acting upon the advice of counsel, was sufficient to overcome the defendant's motion to dismiss on the basis of the statute of limitations.

2. Plaintiff did, in fact, answer the defendant's interrogatories, although not thoroughly. Also, the case had not been set for pretrial and discovery was not complete. Dismissal for failure to answer the interrogatories was an abuse of discretion.

Reversed and remanded.

1. LIMITATION OF ACTIONS — MENTAL CONDITION — AFFIDAVITS.

An affidavit of a qualified psychologist stating that a plaintiff's impaired mental condition disabled the plaintiff from comprehending or acting upon her attorney's advice is sufficient to overcome a defendant's motion to dismiss the action for failure

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions §§ 186-190.
   Proof of unadjudged incompetency which prevents running of statute of limitations. 9 ALR2d 964.

[2] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit §§ 8, 48, 57.
   Dismissal of state court action for failure or refusal of plaintiff to answer written interrogatories. 56 ALR3d 1109.

to bring the action within the applicable statute of limitations (GCR 1963, 116.3, 116.4).

2. ACTIONS — DISMISSAL — DISCOVERY — JUDGE'S DISCRETION.

Dismissal of a case for failure of the plaintiff to respond to interrogatories was an abuse of discretion where the plaintiff in fact had answered the interrogatories, although not as thoroughly as desired, and where the case had not yet been set for pretrial and discovery had not been completed.

*Richard M. Goodman (Gromek, Bendure & Thomas,* of counsel), for plaintiff.

*Harvey, Kruse & Westen, P.C.* (by *Phillip G. Alber),* for defendant.

Before: R. M. MAHER, P.J., and M. J. KELLY and R. B. BURNS, JJ.

R. B. BURNS, J. Plaintiff filed suit against defendant on May 30, 1978, alleging negligence and breach of express and implied warranties as a result of an interior car fire which severely burned her three-year-old child on February 19, 1973. Defendant moved to dismiss plaintiff's individual cause of action under GCR 1963, 116.1(5), raising the statute of limitations as an affirmative defense.

Plaintiff filed the affidavit of Colette Belanger, a qualified psychologist, wherein she stated:

"12. On the basis of my examination of Mrs. Carver, on January 10, 1979, it is my professional opinion that Mrs. Joann Carver suffered from a severe depression reaction syndrome which has been characterized by classic signs, including primarily profound impairment of judgment and that this depression reaction was directly and causally connected to the fire episode of February 19, 1973.

"13. It is my further opinion that Mrs. Carver's impaired mental condition fully disabled her between February, 1973 and April, 1978 from either compre-

hending her attorney's advise *[sic]* and certainly from acting upon it in any rational way throughout this period of time."

GCR 116.3 provides:

"Any defense or objection raised under this rule, whether in a responsive pleading or by motion, may be noticed for hearing by either party as if raised by motion. Affidavits or other evidence may be submitted by either party to support or oppose the grounds asserted in the pleading or motion * * *."

GCR 116.4 provides:

"Supporting and opposing affidavits shall be made on personal knowledge and shall set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the pleading or motion."

In our opinion the affidavit of Colette Belanger was sufficient to oppose the defendant's motion and submit the issue to a jury. *Davidson v Baker-VanderVeen Construction Co*, 35 Mich App 293; 192 NW2d 312 (1971).

Defendant raised, as a second ground for dismissal of plaintiff's cause of action, her failure to file answers to interrogatories pursuant to GCR 1963, 313.4. The record shows that plaintiff did answer the interrogatories of the defendant, albeit not as thoroughly as defendant would have preferred. As the case had not been set for pretrial and discovery had not been completed, in our opinion the trial judge abused his discretion by dismissing the case.

As stated in *Jack's Factory Outlet v Pontiac State Bank*, 95 Mich App 174, 179-180; 290 NW2d 114 (1980):

" 'The authority of the circuit judge to take the most drastic step of dismissal of plaintiff's complaint with prejudice is clear. However, we believe that such measures should be exercised cautiously. *This is not a case where the failure to respond to discovery requests extends over substantial periods. E.g., Krim v Osborne,* 20 Mich App 237; 173 NW2d 737 (1969). *Nor is it a case in which the failure to provide discovery is in violation of a direct order of the trial court. E.g., Humphrey v Adams,* 69 Mich App 577; 245 NW2d 167 (1976). In this case, in view of the relatively short time that elapsed between the failure to appear and the motion to dismiss, and the ambiguous showing of willfulness on the part of the plaintiff's agent, we conclude that the trial judge should have chosen less drastic measures to compel discovery.' (Emphasis added.) *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474, 477; 270 NW2d 101 (1978)."

Reversed and remanded for trial.