JOHNSON v PATMON, YOUNG & KIRK, PC

PATMON, YOUNG & KIRK, PC v CORNHUSKER CATTLE
COMPANY, INC

Docket No. 52769. Submitted June 2, 1982, at Detroit.—Decided
September 9, 1982.

Two cases brought in the Common Pleas Court of Detroit were
consolidated for trial. One case involved a claim by Robert C.
Johnson against Patmon, Young & Kirk, P.C. (PY&K), involv-
ing a $2,800 promissory note. The second case was brought by
PY&K against Cornhusker Cattle Company, Inc., a Nebraska
corporation, Edgemont Securities Corporation, a Michigan cor-
poration, Anthony F. Tewes, and Robert C. Johnson. PY&K
sought payment of $4,425 for the value of legal services alleg-
edly performed for defendants in the second case. PY&K was
ordered to file a bill of particulars in the second case. One
month later, the court granted summary judgment in favor of
plaintiff Johnson in the first case and dismissed PY&K's com-
plaint in the second case on the ground that PY&K's bill of
particulars was insufficient. The Wayne Circuit Court, Myron
H. Wahls, J., affirmed both lower court orders and dismissed as
untimely PY&K's pleadings seeking leave to appeal to the
Court of Appeals. PY&K appeals. *Held:*

1. The Wayne Circuit Court was without authority to dismiss
PY&K's unfiled appeal to the Court of Appeals on the basis
that the appeal was untimely. PY&K still had time to file an
application for delayed leave to appeal.

2. Summary judgment was erroneously granted in favor of
Johnson in the first case because there exists a question of
material fact about the existence and terms of an alleged
agreement referred to in the promissory note involved in that
case.

3. The trial court correctly found PY&K's bill of particulars

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3] 73 Am Jur 2d, Summary Judgment § 27.
[4] 61A Am Jur 2d, Pleading § 296 *et seq.*
[5] 23 Am Jur 2d, Depositions and Discovery § 256

in the second case insufficient, but failed to recognize that it possessed discretion to allow amendment. PY&K should be allowed to amend its bill of particulars.

4. The trial court did not abuse its discretion by refusing to impose discovery sanctions after Tewes, Johnson, and an agent of Cornhusker failed to appear for a second deposition in the second case.

5. PY&K's motions based upon the failure to appear for deposition were untimely made.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions, and other documentary evidence available to the court (GCR 1963, 117.2[3]).

2. MOTIONS AND ORDERS — JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A court will give the benefit of any reasonable doubt to the opposing party and must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome in order to grant a motion for summary judgment on the ground that there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

3. WORDS AND PHRASES — MATERIAL FACT.

A material fact is an ultimate fact issue upon which a jury's verdict must be based.

4. PLEADING — BILL OF PARTICULARS.

A bill of particulars, which explains and amplifies the complaint, may be demanded in an action for recovery for specific services where the complaint contains only general allegations.

5. PRETRIAL PROCEDURE — DISCOVERY.

The decision to impose discovery sanctions rests in the trial court's discretion.

*Murdock J. Hertzog,* for Robert C. Johnson.

*Patmon & Young, P.C.* (by *Ulysses W. Boykin, III),* for defendant.

*Berkey & Erickson* (by *Jonathan A. Braun)*, for Cornhusker Cattle Company.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Several parties in two cases consolidated for trial converge on an appeal by Patmon, Young & Kirk, P.C. Appellant appeals from several orders of Detroit Common Pleas Court, which were affirmed by Wayne County Circuit Court.

Robert C. Johnson, plaintiff in the first action, brought suit in common pleas court on a promissory note for $2,800 issued by appellant. By way of answer, appellant set up the terms of an alleged agreement referred to in the note. Appellant alleged a right to credit against its debt to Johnson the value of services performed for Johnson's alleged principal, Edgemont Securities Corporation. Appellant alleged that the note naming Johnson as payee represented a debt for services performed by Edgemont through Johnson as its agent. Johnson denied that he was an agent for Edgemont.

Appellant then brought a separate action in common pleas court against Cornhusker Cattle Company, a Nebraska corporation, Edgemont, Anthony F. Tewes, and Johnson. In this second suit, appellant sought $4,425 for the value of legal services allegedly performed on defendants' behalf. Appellant stated, through its complaint and various affidavits, that Cornhusker was a seller of cattle, that Edgemont, a securties dealer, acted as general agent for Cornhusker, that Tewes was Edgemont's president, and that Johnson was an agent of both Edgemont and Cornhusker.

Both actions were consolidated on July 20, 1976,

* Circuit judge, sitting on the Court of Appeals by assignment.

for trial, and appellant, as plaintiff in the second action, was ordered to file a bill of particulars. On August 20, 1976, summary judgment was ordered in common pleas court for Johnson in his suit against appellant. At the same time, appellant's complaint in the second suit was dismissed on the grounds that its bill of particulars was insufficient. On appeal to Wayne County Circuit Court, both lower court orders were affirmed. In addition, the circuit court, on Johnson's motion, dismissed appellant's pleadings seeking leave to appeal to this Court.

The circuit court was without authority to dismiss an unfiled appeal to the Court of Appeals. The common pleas court's order granting summary judgment to Johnson and dismissing appellant's complaint were affirmed by the circuit court on May 18, 1979. Appellant then had 20 days to file for leave to appeal to this Court. GCR 1963, 806.2(4), 806.3, 803.1. This was not done. By the time of the circuit court's order dated June 30, 1980, dismissing appellant's pleadings to appeal, time remained for appellant to file a delayed application for leave to appeal. GCR 1963, 806.2(5), 806.4(1) and (2). Having determined that the circuit court could not dismiss the appeal, we treat the remaining questions as if presented on leave to appeal.

Common Pleas Court Rule (CPCR) 1969, 21.1 provided at the time of this action:

"At any time after any cause arising upon contract or judgment or statute shall be at issue, upon motion of the plaintiff, after the usual notice to the defendant, supported by the affidavit of the plaintiff, or anyone on his behalf having knowledge of the facts, verifying the plaintiff's cause of action, and stating the amount claimed and his belief that there is no defense to the

action, the Court shall enter a judgment in favor of the plaintiff, unless the defendant shall prior to, or at the time of hearing of said motion, make and file an affidavit of merits. Said affidavit of merits shall state whether or not the defense claimed therein applies to the whole of the plaintiff's claim, and if not, it shall state definitely what item or items of the plaintiff's claim and the amount thereof, is admitted."

Like GCR 1963, 117.2(3), CPCR 1969, 21.1 and 21.7 provide for summary judgment where there is no genuine issue of material fact.

"GCR 1963, 117.2(3) allows a trial court to grant summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A motion based on GCR 1963, 117.2(3) is designed to test whether there is factual suport for a claim. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). When passing upon a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Id.,* 730. The court will give the benefit of any reasonable doubt to the opposing party and the court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). A material fact is an ultimate fact issue upon which a jury's verdict must be based. *Partrich, supra,* 730, fn 3." *Szidik v Podsiadlo,* 109 Mich App 446, 448-449; 311 NW2d 386 (1981).

Summary judgment was erroneously ordered in Johnson's favor. The affidavits of the parties frame issues of fact. While the authenticity of appellant's note has been admitted, CPCR 1969, 20, by its own terms the note is subject to an agreement between appellant and Johnson. Johnson's affidavit denies the existence of any agreement. Affidavits from appellant state that the note is subject to the

value of services performed for Edgemont and Cornhusker. The agreement may give appellant a defense of setoff to Johnson's action. We need not pass on these questions, however. There exists a question of material fact about the existence and terms of the alleged agreement.

In appellant's separate action against Cornhusker, Edgemont, Tewes, and Johnson, appellant was ordered to submit a bill of particulars. CPCR 1969, 8.1, 8.4. Finding the bill of particulars submitted by appellant inadequate, the trial court dismissed appellant's action, which was affirmed in the circuit court.

A bill of particulars, which explains and amplifies the complaint, *Knop v National Fire Ins Co of Hartford, Conn,* 101 Mich 359; 59 NW 653 (1894), may be demanded in an action for recovery for specific services where the complaint contains only general allegations. *Anti-Kalsomine Co v Kent Circuit Judge,* 119 Mich 434; 78 NW 467 (1899); *Hamilton v Ingham Circuit Judge,* 84 Mich 393; 47 NW 681 (1891); *Dierickx v Vulcan Industries,* 10 Mich App 67, 70-71; 158 NW2d 778 (1963). See also *Janiszewski v Berhrmann,* 345 Mich 8; 75 NW2d 77 (1956); *Mineau v Boisclair,* 323 Mich 64; 34 NW2d 556 (1948); *O'Rourke v Deffenbaugh,* 280 Mich 407; 273 NW 749 (1937); *Applebaum v Goldman,* 155 Mich 369; 121 NW 288 (1909); *Cicotte v Wayne County,* 44 Mich 173; 6 NW 236 (1880).

The bill of particulars submitted by appellant incorporated the *ad damnum* clause of the complaint. It listed the services for which appellant claims a right of recovery, but failed to state when the services were rendered and the charge for each service.

The trial court correctly found this bill of particulars insufficient, but failed to recognize that it

possessed discretion to allow amendment. *Battle Creek v Haak,* 139 Mich 514; 102 NW 1005 (1905); *Mead v Glidden,* 79 Mich 209; 44 NW 596 (1890); *Carver v Ford Motor Co,* 108 Mich App 359; 310 NW2d 47 (1981). Appellant should be allowed to amend its bill of particulars.

Lastly, appellant complains of the trial judge's refusal to impose discovery sanctions. Appellant sought to depose for a second time Tewes, Johnson, and an agent of Cornhusker. After the parties failed to appear for deposition, appellant moved the day before trial to dismiss Cornhusker's answer and for a default judgment, to strike the pleadings of Johnson and Tewes and for dismissal of Johnson's complaint.

We do not find an abuse of discretion. Coming one day before trial, the motions were untimely, CPCR 1969, 17.4. Moreover, the decision to impose discovery sanctions rests in the trial court's discretion. *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474; 270 NW2d 101 (1978); *Device Trading, Ltd v Viking Corp,* 105 Mich App 517; 307 NW2d 362 (1981). Appellant sought to depose Johnson and Tewes a second time. No court order was obtained to compel a nonresident officer of the foreign corporation Cornhusker to appear. GCR 1963, 305.2. CPCR 1969, 25 required discovery and pretrial completed within 60 days from the date of issue, which, in the present case, was some eight months prior to appellant's attempt to take the depositions of Johnson, Tewes, and an agent of Cornhusker.

Reversed and remanded.