MOON v BALLINGER

Docket No. 85378. Submitted June 11, 1986, at Lansing. Decided
February 17, 1987. Leave to appeal applied for.

Kathy A. Moon brought a paternity action against Jerry Bal-
linger in the Gratiot Circuit Court. The court ordered plaintiff,
defendant and the child to submit to blood tests. Upon defen-
dant's refusal to submit to the ordered blood test, plaintiff filed
a motion for entry of default judgment. The court, Randy L.
Tahvonen, J., ordered that default judgment would be entered
against defendant unless he submitted to a blood test within
sixty days of the order or, if he appealed the order, within sixty
days of the final appellate order upholding the order. Defen-
dant appealed by leave granted.

The Court of Appeals *held:*

The entry of a default judgment is a permissible sanction
against a party in a paternity action who refuses to submit to a
court-ordered blood test.

Affirmed.

BEASLEY, J., dissented. He would hold that the entry of a
default judgment is not a permissible sanction against a party
in a paternity action who refused to submit to a court-ordered
blood test. He would reverse.

OPINION OF THE COURT

1. PARENT AND CHILD — PATERNITY ACT — BLOOD TESTS — DEFAULT
   JUDGMENT — COURT RULES.

   The entry of a default judgment is a permissible sanction against
   a party in a paternity action who refuses to submit to a court-
   ordered blood test (MCL 722.716; MSA 25.496; MCR
   2.313[B][2][c], 3.212[A]).

DISSENT BY BEASLEY, P.J.

2. PARENT AND CHILD — PATERNITY ACT — BLOOD TESTS — DEFAULT
   JUDGMENT — COURT RULES.

   *The entry of a default judgment is not a permissible sanction*

REFERENCES

Am Jur 2d, Bastards § 82.

Admissibility, weight and sufficiency of Human Leukocyte Antigen
(HLA) tissue typing tests in paternity cases. 37 ALR4th 167.

*against a party in a paternity action who refuses to submit to a court-ordered blood test (MCL 722.716; MSA 25.496; MCR 2.313[B][2][c], 3.212[A]).*

*Mark A. Gates,* Prosecuting Attorney, and *Keith J. Kushion,* Chief Assistant Prosecuting Attorney, for plaintiff.

*Goggin & Baker* (by *William E. Goggin*), for defendant.

Before: BEASLEY, P.J., and D. F. WALSH and HOOD, JJ.

PER CURIAM. Plaintiff, Kathy Aneta Moon, filed this action under the Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* alleging that defendant, Jerry Ballinger, is the father of her son. Defendant denied paternity. Pursuant to plaintiff's request and in accordance with § 6 of the Paternity Act, the court ordered plaintiff, defendant and the child to submit to blood tests. MCL 722.716; MSA 25.496. Upon defendant's refusal to submit to the ordered blood test, plaintiff filed a motion for entry of default judgment. The court ordered that default judgment would be entered against defendant unless he submitted to a blood test within sixty days of the order or, if he appealed the order, within sixty days of the final appellate order upholding the order. Defendant appeals by leave granted.

Defendant argues that entry of a default judgment is not a permissible sanction against a person who refuses to submit to a blood test ordered by a trial court under MCL 722.716; MSA 25.496. We disagree.

MCL 722.716; MSA 25.496 provides in pertinent part:

(1) In a proceeding under this act before trial,

the court, upon application made by or on behalf of either party, or on its own motion, shall order that the mother, child, and alleged father submit to blood or tissue typing tests which may include, but are not limited to, tests of red cell antigens, red cell isoenzymes, human leukocyte antigens, and serum proteins to determine whether the alleged father is likely to be, or is not,the father of the child. A blood or tissue typing test of a child shall not be taken before the child reaches the age of 6 months. *If the court orders any blood or tissue typing test to be taken and any party refuses to submit to the test, in addition to any other remedies available, the fact of the refusal shall be disclosed at the trial unless good cause is shown for not disclosing the fact of refusal.*

\* \* \*

(4) The result of a blood or tissue typing test, and if a determination of exclusion of paternity cannot be made, a calculation of the probability of paternity made by a person the court determines is qualified as an examiner of blood or tissue types based on the result of a blood or tissue typing test shall be admissible in evidence in the trial of the case. [Emphasis added.][1]

The statute mandates a minimum level of response to a paternity defendant's refusal to participate in a court-ordered blood or tissue typing test. In the event of a trial following such refusal, the fact of refusal must be disclosed to the trier of fact unless good cause for nondisclosure is shown. The Legislature also, however, clearly manifested its intent not to delimit the range of judicial response to such violations of discovery orders. Trial courts are authorized to invoke "any other remedies available."

Procedure in paternity actions is governed by

---

[1] This section was significantly amended by 1982 PA 129.

the rules applicable to other civil actions except as modified by MCR 3.212 and the Paternity Act. MCR 3.212(A). The entry of judgment by default against a party who fails to obey a discovery order is expressly authorized by MCR 2.313(B)(2)(c). Since there is no conflict between the Paternity Act, or MCR 3.212, and MCR 2.313(B)(2)(c), the remedy authorized by the latter is available in paternity actions. The Paternity Act itself clearly contemplates that judgment by default can be an appropriate remedy in paternity actions. MCL 722.717(a); MSA 25.497(a).

The decision to impose discovery sanctions is addressed to the trial court's discretion. *Johnson v Patmon, Young & Kirk, PC*, 119 Mich App 362, 368; 326 NW2d 511 (1982). Defendant in this case has made a bare denial of paternity and has offered no reason why he should not be required to submit to the testing of his blood. The fact that plaintiff filed a previous paternity action against another man and that that action was dismissed after the defendant in that case submitted to a blood test provides no justification for noncompliance with the court order in this case. The trial judge's response to plaintiff's motion for entry of default judgment was well within his discretionary authority.

Affirmed.

BEASLEY, J. *(dissenting)*. I respectfully dissent.

Plaintiff, Kathy Aneta Moon, filed this action under the Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.*, alleging that defendant, Jerry Ballinger, was the father of her child. Subsequently, plaintiff filed a motion to compel defendant to submit to a blood test. Pursuant to MCL

722.716; MSA 25.496,[1] the trial judge granted plaintiff's motion and ordered defendant to submit to a blood test. Upon defendant's refusal to submit to the ordered blood test, plaintiff filed a motion to have a default judgment entered against defendant. Pursuant to MCR 2.313(B)(2)(c), formerly GCR 1963, 313.2(2)(c), the trial judge granted plaintiff's motion and held that a default judgment would be entered against defendant if he did not submit to a blood test within sixty days or pursue an appeal of the trial judge's decision in this matter. Defendant appeals the trial judge's decision by leave granted.

On appeal, defendant argues that a default judgment is not a permissible sanction against a defendant who refuses to submit to a blood test ordered by a trial court under MCL 722.716; MSA 25.496. Defendant bases his argument on the relationship between the provisions of the Paternity Act and the Michigan Court Rules and the language of the statute.

MCR 3.212(A), formerly GCR 1963, 730.1, provides:

> Procedure in actions under the Paternity Act (MCL 722.711 *et seq.;* MSA 25.491 *et seq.*) is governed by the rules applicable to other civil actions except as modified by this rule and the Paternity Act.

---

[1] This statute was amended by 1982 PA 129, § 1, effective April 20, which expressly recognized the human leukocyte antigen (HLA) tissue tests, providing in part:

> (4) The result of a blood or tissue typing test, and if a determination of exclusion of paternity cannot be made, a calculation of the probability of paternity made by a person the court determines is qualified as an examiner of blood or tissue types based on the result of a blood or tissue typing test shall be admissible in evidence in the trial of the case. [MCL 722. 716(4); MSA 25.496(4).]

In interpreting this court rule, this Court has found that the general court rules applicable in civil actions which are not in conflict with the provisions of the Paternity Act are applicable in paternity actions. However, where there is a conflict between the court rules and the Paternity Act, the Paternity Act provisions prevail.[2]

It is clear that MCR 2.313(B)(2)(c) provides the trial judge with the authority to impose, among various other sanctions, a default judgment upon a party who refuses to submit to a blood test ordered by the court pursuant to MCR 2.311, formerly GCR 1963, 311. However, MCL 722.716; MSA 25.496 appears to modify the court rule in the paternity action situation. The statute provides in pertinent part:

> If the court orders any blood or tissue typing test to be taken and any party refuses to submit to the test, in addition to any other remedies available, the fact of the refusal shall be disclosed at the trial unless good cause is shown for not disclosing the fact of refusal.

This language appears to reveal the Legislature's intent that a defendant's refusal to submit to a court-ordered blood test will not preclude a trial on the issue of paternity. The only express remedy provided in such a situation is that the defendant's refusal to submit to the blood test *shall* be revealed at the trial. The statutory language, when taken alone, clearly indicates that a trial will take place despite a defendant's refusal and, thus, appears to preclude a default judgment in this type of paternity action situation.

Plaintiff, on appeal, and the trial judge, in grant-

[2] *Pridemore v Williams,* 90 Mich App 483, 487; 282 NW2d 363 (1979).

ing a default judgment, point to the language in the statute allowing, in addition to the sanction of revealing defendant's refusal at trial, "any other remedies available" to the court. However, I do not believe the Legislature intended to authorize a trial judge to render the only express remedy provided by the statute meaningless by allowing the entry of a default judgment. I believe the statute modifies the court rules in paternity actions to the extent that the court rules would allow the entry of a default judgment when a defendant refuses to submit to a court-ordered blood test. Thus, I conclude that the "other remedies available" in such a situation do not include the default judgment sanction.

Plaintiff's reliance on this Court's decision in *Butler v Cann*[3] is misplaced. The *Butler* Court only addressed the issue presented when two provisions of the Paternity Act itself are allegedly inconsistent. The *Butler* Court did not address the issue presented when a provision of the Paternity Act allegedly modifies a court rule. Therefore, I conclude that the decision in *Butler,* concerning the propriety of default judgments in paternity actions when the defendant fails to appear at trial, does not provide any guidance for our decision in this matter.

As previously indicated, MCL 722.716; MSA 25.496 was recently amended by the Legislature in 1982 in order to allow the trial court to order a defendant in a paternity action to submit to a blood test. Prior to this amendment, only the plaintiff and the child could be ordered to submit to a blood test. I am convinced that the Legislature, in making this substantial amendment to prior procedures concerning court-ordered blood

---

[3] 62 Mich App 663; 233 NW2d 827 (1975).

tests, did not intend to go so far as to allow a trial judge to impose the severe sanction of a default judgment on a defendant in a paternity action when he refusès to submit to a court-ordered blood test.

Therefore, I would conclude that the trial judge erred in entering a default judgment against defendant for his refusal to submit to a blood test in this paternity action and would reverse and remand.