PEOPLE v WISEMAN

1. EVIDENCE—CONCEPTION—ACCESS—ADMISSIBILITY.

Testimony by either spouse on the question of whether the husband had access to the wife at the time of conception is inadmissible.

2. DIVORCE—CHILD SUPPORT—AMENDING DIVORCE JUDGMENT—PARENT AND CHILD—PATERNITY—APPEAL AND ERROR—DE NOVO REVIEW—EVIDENCE—STIPULATION OF FACTS—COURT RULES.

Denial of a plaintiff's motion to amend a divorce decree to include support payments for a child was not error where the parties stipulated that the husband and wife did not engage in sexual relations during the time when the child was conceived, and where the Court of Appeals in reviewing the cause *de novo* upon the record finds that the stipulation is substantive evidence against the plaintiff and that the plaintiff did not prove defendant to be the father of the child (GCR 1963, 820.1[7]).

Appeal from Muskegon, Charles A. Larnard, Jr., J. Submitted February 7, 1975, at Grand Rapids. (Docket No. 19387.) Decided August 11, 1975.

Petition by the people, on behalf of Patricia Wiseman, to amend a judgment of divorce to include child support payments by Dwight Wiseman, defendant. Petition denied. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard J. Pasarela,* Prosecuting Attorney, and *David F. Folkert,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 320, 412.
[2] 24 Am Jur 2d, Divorce and Separation § 812 *et seq.*

*Bruce Krueger,* for defendant.

Before: LESINSKI, C. J., and M. F. CAVANAGH and D. F. WALSH, JJ.

LESINSKI, C. J. This is an appeal from an order of the Muskegon County Circuit Court denying the petition of Patricia Wiseman, represented in these proceedings by the Muskegon County Prosecutor, to amend the judgment of divorce entered between her and her former husband, Dwight Wiseman. The case comes before us upon the following stipulation of facts:

"Patricia Wiseman, Petitioner-Appellant, and her husband, Dwight Wiseman, Respondent-Appellee, separated in March of 1970. A judgment of divorce was entered on February 5, 1973.

"During the time of separation, Defendant-Appellant and Plaintiff-Appellee terminated sexual relations with one another. However, the Defendant-Appellant was conceived of a child two months prior to the divorce judgment of February 5, 1973. Said child, Ladonna Tamega Wiseman, was born on August 31, 1973, approximately seven months after the judgment of divorce was entered.

"Although said child was conceived during the marriage of the Petitioner and Respondent, both parties agree and acknowledge that the Plaintiff-Appellee is not the biological father. Since the child had not yet been born at the time of the divorce, the divorce decree did not provide for support of the child.

"The Muskegon County Prosecutor's Office filed in Circuit Court a petition on behalf of Patricia Wiseman to amend the divorce decree to include child support payments to be made by the respondent, Dwight Wiseman. A hearing was held, and the Circuit Court permitted both parties to testify as to their non-access during their separation period. The court specifically adjudged that Dwight Wiseman is not the biological father of Ladonna Wiseman, and denied the petitioner's motion

to amend the divorce decree to provide for child support. The only evidence presented to the court was the testimony of the petitioner and the respondent."

The prosecutor appeals from the trial court's denial of the petition to amend the judgment of divorce. His argument for reversal is that Lord Mansfield's rule should have prohibited the testimony of both the husband and the wife as to the fact that the defendant was not the father of the child. Long established in Michigan, Lord Mansfield's rule renders inadmissible testimony by either spouse on the question of whether the husband had access to the wife at the time of conception. *Egbert v Greenwalt,* 44 Mich 245; 6 NW 654 (1880). Though many courts have agreed with Lord Mansfield that the rule is "founded in decency, morality and policy", *Goodright v Moss,* 2 Cowper 591; 98 Eng Rep 1257 (1777), it has not been without its critics. Dean Wigmore, for example, found nothing praiseworthy in the rule:

"The truth is that these high-sounding 'decencies' and 'moralities' are mere pharisaical afterthoughts, invented to explain a rule otherwise incomprehensible, and lacking support in the established facts and policies of our law. There never was any true precedent for the rule; and there is just as little reason of policy to maintain it". 7 Wigmore, Evidence (3d ed), § 2064, p 369.

Nor has displeasure with the rule been limited to scholars; numerous states, either through judicial decision or legislative action, are no longer following this exclusionary rule of evidence. See the cases and statutes listed in *Maxwell v Maxwell,* 15 Mich App 607, 613, fn 11; 167 NW2d 114 (1969). While this Court in *Maxwell* expressed dissatisfaction with Lord Mansfield's rule, the

challenge to the rule presented there was unsuccessful because the controlling precedent of our Supreme Court precluded alteration of the rule by this Court. For the same reason we must reject defendant's argument that this rule should no longer be applied.

Defendant further contends that application of the rule denies him his right to a meaningful hearing and thus due process is violated. Certainly a rule of law which would shut out evidence in a party's favor and thus deny him the opportunity for a fair and effective trial runs counter to accepted notions of due process. *Gile v Hudnutt,* 279 Mich 358; 272 NW 706 (1937). But defendant's attempt to liken his predicament to that found in *Stanley v Illinois,* 405 US 645; 92 S Ct 1208; 31 L Ed 2d 551 (1972), goes too far. Lord Mansfield's rule does not prohibit all proof that plaintiff is not the father of the child, but only the testimony of him and his former wife as to nonaccess. Other evidence, such as testimony of third parties as to defendant's whereabouts or the results of blood tests, could be used by him to disprove paternity. The hinderance that the challenged rule of evidence places before plaintiff is not so great, nor are the interests of "decency, policy and morality" arguably served by the rule so insignificant, that the test of mere rationality is not met by adherence to Lord Mansfield's rule. It was error for the trial court to have allowed testimony of the husband and wife as to nonaccess.

Although the court below erred in its admission of testimony by husband and wife as to their nonaccess during the separation period, the parties to this appeal have stipulated that husband and wife did not engage in sexual relations during that period. In so stipulating the prosecutor has con-

ceded that plaintiff's case is without merit. However strong the prosecutor's desire to relieve the State of Michigan from burdens upon the public funds, he should not go so far as to ask a court to accept as a fact that which he has admitted before this Court to be false. Common law rules of evidence may restrict the modes of inquiry for courts, but they should not become hyper-technical stumbling blocks placed in front of known truths. Michigan courts have not viewed lightly divorce judgments obtained upon false premises. See *Allen v Allen,* 341 Mich 543; 67 NW2d 805 (1954). The same views apply to this attempt to amend a judgment of divorce. This Court reviewing this cause *de novo* upon the record finds the stipulation of facts submitted in this Court as substantive evidence against the plaintiff. GCR 1963, 820.1(7). We find plaintiff did not prove defendant to be the father of Ladonna Tamega Wiseman and that the trial court did not err in denying the motion to amend the divorce decree. Under the facts of this case and our findings herein, we treat the improperly admitted testimony to be harmless error.

Affirmed.