CARDENAS v CHAVEZ

Docket No. 47508. Submitted October 17, 1980, at Lansing.—Decided December 18, 1980.

Cristina Cardenas brought a paternity suit in Ingham Circuit Court against Richardo Chavez, claiming that he was the father of her child. The trial court ordered plaintiff, defendant and the child to submit to blood tests. The results of the blood tests showed that the probability of defendant's being the father was greater than 97%. Plaintiff moved to have the test results admitted into evidence. The trial court found the blood test to be competent, credible, reliable, relevant evidence and that its probative value outweighed any possible prejudical effects. However, the court denied the motion, ruling that the Paternity Act allows admission of blood test results only in cases of definite exclusion. The case was dismissed on the ground that plaintiff had failed to sustain her burden of proving that defendant was the father of the child, Michael G. Harrison, J. Plaintiff appeals. *Held:*

1. The provisions of the Paternity Act prevail over the court rules where there is a conflict between the two. Despite the very convincing argument that the legislative rationale for the exclusion of blood tests in paternity actions is no longer viable in light of the high degree of accuracy of blood testing, the Court of Appeals has no authority to amend or repeal an act of the Michigan Legislature. The act must be enforced as written.

2. The exclusion from evidence of the blood test results did not deprive plaintiff of due process.

Affirmed.

1. Children Born Out of Wedlock — Paternity Act — Evidence — Blood Test Results — Statutes.

Results of blood tests are admissible in paternity actions only in

References for Points in Headnotes
[1] 10 Am Jur 2d, Bastards §§ 32, 118.
  Blood grouping tests. 46 ALR2d 1000.
[2] 20 Am Jur 2d, Courts § 84.
[3] 16 Am Jur 2d (Rev), Constitutional Law § 316.

cases where definite exclusion is established by those results (MCL 722.716[d]; MSA 25.496[d]).

2. CHILDREN BORN OUT OF WEDLOCK — PATERNITY ACT — COURT RULES — CONFLICT.

The provisions of the Paternity Act prevail over the general court rules whenever there is a conflict between the two.

3. COURTS — COURT OF APPEALS — LEGISLATIVE ACTS — POWER TO AMEND OR REPEAL.

The Court of Appeals has no authority to amend or repeal an act of the Michigan Legislature.

*Peter D. Houk,* Ingham County Prosecuting Attorney, and *J. Bruce Kilmer,* Chief, Family Support Division, for plaintiff.

*Church, Wyble, Kritselis, Anderson & Robinson, P.C.* (by *Nancy A. Wonch),* for defendant.

Before: M. F. CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

PER CURIAM. Plaintiff appeals as of right a September 26, 1979, lower court order dismissing the instant paternity action for failure of plaintiff to sustain her burden of proof at a bench trial of the instant cause. We affirm.

We summarily reject plaintiff's argument that the exclusion from evidence of the results of HLA blood tests violates the Michigan Rules of Evidence. Under MRE 402, all relevant evidence is admissible at trial except as otherwise provided by the U.S. Constitution, the Michigan Constitution, other applicable rules of evidence, or other rules adopted by the Michigan Supreme Court. However, MCL 722.716(d); MSA 25.496(d) specifically provides that the results of blood tests are admissible in paternity actions only in cases where defi-

* Circuit judge, sitting on the Court of Appeals by assignment.

nite exclusion is established by those results. Plaintiff claims that MRE 402 takes precedent over provisions of this statute but this Court held otherwise in *Pridemore v Williams,* 90 Mich App 483, 487; 282 NW2d 363 (1979). There, this Court addressed this issue finding, "[T]hus in the case of a conflict between the General Court Rules and [t]he Paternity Act, [t]he Paternity Act provisions shall prevail".

Although we find plaintiff's argument that the legislative rationale for the exclusion of blood tests in paternity actions is no longer viable in light of the high degree of accuracy of HLA blood testing to be very convincing, this Court has no authority to amend or repeal an act of the Michigan Legislature. Until such time as the Legislature deems it appropriate to amend the provisions of the Paternity Act and permit the results of HLA blood tests to be admitted at trial, we must enforce the act as written.[1]

Finally, we are not persuaded by plaintiff's argument that the exclusion from evidence of HLA blood test results deprived her of due process in this action. The provisions of the Paternity Act as presently written did not deny plaintiff of her right to a meaningful hearing, nor did the exclusion of the HLA test results from evidence deny plaintiff an opportunity for a fair and effective trial. *People v Wiseman,* 63 Mich App 137; 234 NW2d 429 (1975). Other evidence supporting plaintiff's claim of paternity was available. Therefore, the burden placed before plaintiff by these provisions of the Paternity Act was not so great that the act is devoid of all rationality.

The judgment of the lower court is affirmed.

[1] Indeed, the Legislature would also have to amend the statute to require a defendant to even submit to an HLA test or any test.