## James N. Cross v. The People.

Proceedings in the Circuit Court, under the Bastardy Act, can not be removed into this court by writ of error.

*Heard April 24th. Decided April 27th.*

Error to Washtenaw Circuit, where plaintiff in error had been tried by jury, under the Bastardy act, found guilty, ordered to make certain payments for the support of the bastard child, and to give bond to the county superintendents of the poor to indemnify the county against the maintainance of such child. To remove the proceedings into this court, he sued out this writ of error.

*J. M. Howard, Attorney General,* moved to dismiss the writ, on the ground that error would not lie in such a case.

*O. Hawkins,* contra.

THE CHIEF JUSTICE:

The proceedings under the Bastardy act are purely statutory, and not after the course of the common law. They are anomalous in character, partaking in some respects of a civil and in others of a criminal nature. They may be instituted either in the name of the People, or of the complainant, as they are partly for the benefit of such complainant, and partly for the indemnity of the public. The complainant is, in all cases, a witness; no costs follow the judgment, and the issue to be tried is the paternity of the child with which the complainant is pregnant, or of which she has been delivered. No judgment known to the common law follows the verdict, but, if found guilty, the defendant is adjudged to be the father of the child, and made chargeable with its maintenance, with the assistance of the mother, in such manner as the court shall

order, and is required to give bonds to the superintendents of the county poor to perform such order, and to indemnify the county against charge for its maintainance. The proceeding may either be instituted by the female, or by the superintendents of the poor of the county, when such child is chargeable, or likely to become chargeable to the county, and such superintendants have power to compromise and arrange with the putative father relative to the maintainance of the child, and to discharge him from liability for its support. The judgment of the court upon the question of paternity, and the maintenance of the child, is also declared by the statute to be final.

All these things indicate that the examination or trial of the question of paternity is not after the course of the common law, and that the proceeding is not strictly either civil or criminal; and it follows that no exceptions can be taken upon which a bill can be signed, nor a writ of error issued to remove the record: — See *Comp. L.* §§4404, 5332, 6083. The Legislature moreover evidently contemplated that the proceedings in the Circuit Court should be summary; and the declaration that the judgment should be final, clearly indicates the intention that the ordinary remedies for reviewing proceedings and correcting errors should not be available to either party. It amounts to a prohibition of exceptions, and of the writ of error, and clearly shows that the proceeding was regarded as extraordinary and anomalous, and that jurisdiction was limited to the Circuit Court.

This court held in *Holbrook v. Cook,* 5 *Mich.* 225, that the writ of error will not lie when the proceedings are not after the course of the common law, and that it is not enough that they are had in a court which ordinarily and primarily exercises common law jurisdiction. The proceedings themselves must be after that course, or the remedy by such writ expressly given.

It follows that the only remedy available to the party aggrieved, is that of the writ of certiorari.

The motion must be granted.