GEORGE FRANKLIN SUTFIN v. THE PEOPLE.

*Bastardy—Non-residence of the bastard.*

The main purpose of the Michigan Bastardy Act is to indemnify the public for the support of the child, and it does not apply to cases where the child lives out of the State, even though it was begotten within the State.

The right of the mother of a bastard child to a personal action against its father for the injury done her, is not barred by proceedings against him under the Bastardy Act.

CERTIORARI to Van Buren Circuit Court. Submitted January 22. Decided February 11.

*Mills, Crane & Hilton* for plaintiff in certiorari. Bastardy proceedings do not lie where the bastard lives out of the State when they are instituted, *McFadden v. Frye* 13 Allen 472.

Attorney General *Otto Kirchner* for the People.

MARSTON, C. J. This was a proceeding under the Bastardy Act, instituted on the complaint of the mother of the child. The complainant is and has been a resident of the State of Indiana; the child was born in that State, and is now there living with its mother. It is claimed that the child was begotten in the State of Michigan while the mother was here attending school. Under these

facts it is claimed the defendant cannot be held under our statute.

The proceedings under this act are purely statutory; they are partly for the benefit of the complainant, and may be instituted in her name, and partly for the purpose of indemnifying the public, and may be instituted in the name of the people. The warrant may be executed in any part of the State, and if upon the trial the defendant is found guilty he shall be adjudged to be the father of the child, and shall stand chargeable with the maintenance thereof, with the assistance of the mother, in such manner as the court shall order. The person so adjudged to be the father shall give bond to the superintendents of the poor of the county, with sufficient sureties, to the satisfaction of the court, to perform such order, and also to indemnify the county which might be chargeable with the maintenance of such child. The mother and superintendents, respectively, may recover from the defendant any sum of money which ought to have been paid them respectively in pursuance of such order of the court, and the superintendents are given power to compromise and arrange with the father relative to the support of such child, and thereupon to discharge him from all liability for the support of such bastard.

It seems very clear indeed from these several provisions that the support of the bastard child, and thereby to prevent its becoming a charge upon the public, is the primary object and purpose of the act. In so far as the putative father is required to contribute to its support, it is a benefit to the mother; but for the performance of such order a bond is given to the superintendents of the poor, and to indemnify the county which might be chargeable with the maintenance of the child. These two things go hand in hand together. Where the mother and child are actual residents of another State, or of a foreign country, it surely could not have been intended that the bond to the superintendents would be for the

indemnity of the county where the mother and child resided, nor could it have been intended to meet a contingency that might never happen, by a change of residence to the county in this State where the proceedings were instituted, or any county into which the parties might come.

The statute is designed to meet cases where the child is a resident of this State, and cannot be held applicable to cases like the present. The benefit to the mother of the child which this act contemplates, is secondary only. She may have her personal action against the father of the child for her injuries, and the proceedings under this act would be no defense in such an action.

The order of the circuit court in this case must be reversed and held for naught.

The other Justices concurred.