EBERLE v. SAVON FOOD STORES, INC.

1. DISCOVERY—PHYSICIAN-PATIENT PRIVILEGE—COURT RULE.

Court rules allow discovery of physician-patient information before trial (GCR 1963, 320.2, 310[1]).

2. DISCOVERY—PHYSICIAN-PATIENT PRIVILEGE—PROTECTION.

The physician-patient relationship is of such a nature that it merits the sanctity of protection (MCLA § 600.2157).

3. DISCOVERY — PHYSICIAN-PATIENT PRIVILEGE — GOVERNING LAW — STATUTES.

The physician-patient privilege was not recognized at common law, and, therefore, is controlled exclusively by the statute which creates the privilege (MCLA § 600.2157).

4. DISCOVERY—PHYSICIAN-PATIENT PRIVILEGE—INVOLUNTARY WAIVER —STATUTES.

The physician-patient privilege can be involuntarily waived only if the patient brings an action to recover for any personal injuries or for any malpractice and only if the patient calls as a witness any physician who has treated him for the injury or condition complained of (MCLA § 600.2157).

5. DISCOVERY—PHYSICIAN-PATIENT PRIVILEGE—INVOLUNTARY WAIVER —DEPOSITION STAGE—PATIENT'S OPTIONS.

A party cannot be forced to involuntarily waive the statutory patient privilege prior to trial; however, the opposing party

---

REFERENCE FOR POINTS IN HEADNOTES

[1-7] 58 Am Jur, Witnesses § 401 et seq.

can attempt discovery concerning privileged material prior to trial and the patient must either assert the patient privilege or allow the physician to be deposed by the opposing party (MCLA § 600.2157).

6. DISCOVERY—PHYSICIAN-PATIENT PRIVILEGE—WAIVER—DEPOSITION STAGE—INVOLUNTARY WAIVER.

A party cannot be forced to either claim or waive the physician-patient privilege at the deposition stage, because the plaintiff's failure to assert the privilege would imply that a permanent waiver of the privilege has occurred and thus that the privileged matter obtained by the opposing party through deposing the physician could be used at trial; the statute creating and governing the physician-patient privilege does not provide for an involuntary waiver before trial (MCLA § 600.2157).

7. DISCOVERY—PHYSICIAN-PATIENT PRIVILEGE—DEPOSITION STAGE— PATIENT'S OPTION—USE AT TRIAL.

A party may seek to depose an opposing party's physician before trial and the party must either assert the physician-patient privilege or allow his physician to be deposed; if the patient asserts the privilege the opposing party is precluded from obtaining the privileged material, but the patient is also precluded from using the privileged material at trial; if the patient does not assert the privilege and the physician is deposed, the patient does not waive his right to invoke the privilege at a later time; the opposing party cannot use the deposition or its contents at trial unless the patient calls a physician as a witness concerning the injury complained of (GCR 1963, 302, 310[1]; MCLA § 600.2157).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 June 9, 1970, at Lansing. (Docket No. 7888.) Decided February 16, 1971.

Complaint by Alfred W. and Gloria L. Eberle against Savon Food Stores, Inc., and its successor Borman Food Stores, Inc., for personal injuries. Defendant Savon impleaded Herman Ross and Irving Stollman as third-party defendants. Motion by third-party defendant Ross for discovery granted, and plaintiffs ordered to elect between asserting the

physician-patient privilege and waiving the privilege. Plaintiffs appeal. Modified and affirmed.

*Albert H. Reifler* (by *Frances R. Avadenka*), for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *David J. Watters*), for third-party defendant Ross.

Before: McGregor, P. J., and Bronson and Mahinske,* JJ.

Bronson, J. This is an action in negligence for injuries sustained when plaintiff Gloria Eberle slipped and fell on defendants' premises. Defense counsel filed a motion for discovery, seeking to depose plaintiff's physicians for the purpose of photocopying their office records pertaining to the plaintiff's injuries, pursuant to GCR 1963, 310, 310.1(3). Plaintiffs objected to the taking of the depositions on the basis of the statutory physician-patient privilege. The trial judge, in a written opinion, held that plaintiffs must elect to stand on the doctor-patient privilege or waive the privilege on or before July 23, 1969, the date set for the pretrial conference. Plaintiffs contend that the trial court erred and, for this reason, they appeal.

Notwithstanding the decision in *Boyd* v. *Wrisley* (WD Mich, 1964), 228 F Supp 9, which would preclude pretrial discovery in this area, we agree with the trial court's ruling insofar as it holds that the Michigan Court Rules provide for such discovery prior to trial. GCR 1963, 302.2, 310(1).[1] However,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] See *Gailitis* v. *Bassett* (1966), 5 Mich App 382. Pretrial discovery of documents is governed by GCR 1963, 310(1). Although this rule does not expressly provide what consequences occur if the subject matter is privileged, the rule does expressly limit the discovery to matters which fall within the scope of GCR 1963, 302.2.

because we are apprehensive that this Court's affirmance of the lower court's ruling, which required the patient to either "stand on the doctor-patient privilege or *waive* the privilege" before the pretrial conference, may be taken as precedent which weakens the statutory physician-patient privilege,[2] additional discussion is deemed necessary.

We are of the opinion that the legislature in this state has determined as a matter of policy that the physician-patient relationship is of such a nature that it merits the sanctity of protection. Accordingly, the legislature has provided the patient with a privilege which can be involuntarily waived only under the circumstances stated in the statute which grants the privilege.

The statute governing the physician-patient privilege, MCLA § 600.2157 (Stat Ann 1962 Rev § 27A-.2157), provides:

"No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: *Provided, however, That in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has treated him for such injury, or for any disease or condition, with reference to which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as*

GCR 1963, 302.2 precludes the discovery of privileged matters, such as that evidence which is properly protected by the physician-patient privilege. To protect the privilege, the patient can either assert the privilege at the time of discovery, or, pursuant to GCR 1963, 306.4, request that the court limit the discovery because "the matter inquired about is privileged".

[2] MCLA § 600.2157 (Stat Ann 1962 Rev § 27A.2157).

*to any or all other physicians, who may have treated him for such injuries, disease or condition:* Provided further, That after the decease of such patient, in a contest upon the question of admitting the will of such patient to probate, the heirs at law of such patient, whether proponents or contestants of his will, shall be deemed to be personal representatives of such deceased patient for the purpose of waiving the privilege hereinbefore created." (Emphasis added.)

The physician-patient privilege was not recognized at common law, and, therefore, is controlled exclusively by statute. The quoted statute creates the privilege and dictates the *only* manner in which the privilege can be *involuntarily* waived by the patient. Namely, the privilege is deemed waived if the plaintiff brings an action to recover for personal injuries or for malpractice and *if the plaintiff shall produce any physician as a witness in his own behalf who has treated him for such injury.*[3]

We do not accept the position that the patient can be forced to involuntarily *waive* the statutory privilege prior to trial. The involuntarily waiver of the physician-patient privilege depends entirely upon the subsequent actions of the patient. We do agree, however, that the opposing party, under the court rules, can attempt discovery in this area prior to trial. Rather than forcing the patient to claim or *waive* his privilege, we suggest that existing statutory law and court rules require that the patient either assert his privilege or *allow the physician to be deposed by the opposing party.* Al-

---

[3] The Michigan Supreme Court in *Kelly v. Allegan, Circuit Judge* (1969), 382 Mich 425, 427, stated the following with respect to the statutory privilege:

"The statute describes *only one* circumstance wherein a plaintiff shall be 'deemed' to have waived the privilege and that is when the plaintiff 'shall produce any physician as a witness in his own behalf' in a *suit for personal injuries or malpractice.*" (Additional emphasis supplied.)

though the approach may appear to present a distinction without meaning, nevertheless, we believe the difference is important. A requirement that the patient either claim or *waive* his privilege implies that the patient's failure to assert the privilege at the deposition stage results in a permanent waiver of the privilege. As such, it would seem that privileged matter obtained by the opposing party at the deposition stage could be used later at trial. This result, in our opinion, is inconsistent with the statutory privilege which limits involuntary waiver to one situation. MCLA § 600.2157 (Stat Ann 1962 Rev § 27A.2157).

The following procedure for pretrial discovery in this area is what we believe the applicable court rules and statute provide. The opposing party, notwithstanding the statutory physician-patient privilege, may seek discovery in this area prior to trial under the authority of GCR 1963, 302, 310(1). The patient must then decide whether he desires to assert the privilege or allow the deposition to continue. If the patient asserts the privilege, the opposing party is precluded from obtaining the privileged information, but, the patient himself is likewise precluded from using the privileged matters at the subsequent trial.[4] If, however, the patient does not assert the privilege, and thus permits the deposition to continue, he does not waive his right to invoke the privilege at a later time. That is, even though the opposing party deposed the patient's

---

[4] The authors' comments (2 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], p 42) state the following regarding the patient's decision to assert the privilege during discovery proceedings:

" * * * Objections on the ground of privilege should be raised with care, however. The last sentence of subrule 302.2(1) provides that if a party claims privilege on the part of the testimony of a witness at the taking of the deposition and the witness is not required to answer the question, the party claiming the privilege may not at the trial offer the testimony of the witness pertaining to the evidence objected to at the deposition."

physician, the opposing party cannot use the deposition or its contents at the subsequent trial *unless* the patient's subsequent actions constitute a waiver under MCLA § 600.2157 (Stat Ann 1962 Rev § 27A-.2157).

We believe that this procedure is consistent with the applicable court rules and the statutory privilege. By providing the opposing party with an opportunity for discovery prior to trial, the possibility of surprise or delay at the time of trial is minimized. At the same time, the statutory privilege is preserved in that the patient retains the right to assert the privilege at trial unless, by his own action, he waives the privilege under MCLA § 600.2157 (Stat Ann 1962 Rev § 27A.2157).

For the above-mentioned reasons, we affirm the lower court decision which would permit discovery in this area prior to trial. However, we do not believe that failure to assert the privilege at the deposition stage constitutes an irrevocable waiver of the statutory privilege.

Affirmed and modified.

All concurred.