VARNEY v YOUNG

Docket No. 52962. Submitted April 14, 1981, at Lansing.—Decided
    May 20, 1981.

Kathleen Varney began a paternity action against George W.
    Young in the Midland Circuit Court. The parties and the child
    submitted to a blood test and tissue examination pursuant to a
    stipulation that the results would be admissible as evidence.
    Prior to trial, the judge, David S. DeWitt, J., discovered that
    the Midland County Prosecutor who represented plaintiff did
    not intend to establish a foundation for the admission of the
    test results and dismissed the action *sua sponte.* Plaintiff
    appeals. *Held:*

The trial judge abused his discretion. The prosecutor repre-
    senting plaintiff claimed to have sufficient proofs to establish
    the cause of action.

Reversed and remanded.

TRIAL — COURTS — EVIDENCE.

A circuit judge does not enjoy supervisory power over a prosecut-
    ing attorney; it is an abuse of discretion to dismiss a case *sua
    sponte* for failure of proof without hearing the proofs that the
    prosecutor claims are sufficient.

*Gerald L. White,* Prosecuting Attorney, and
*Paul P. Caswell,* Assistant Prosecuting Attorney,
for plaintiff.

*Wilson & Beale,* for defendant.

Before: BASHARA, P.J., and T. M. BURNS and
BEASLEY, JJ.

BEASLEY, J. Plaintiff, Kathleen Varney, started a
paternity suit against defendant, George W.

REFERENCE FOR POINTS IN HEADNOTE
[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 55.

Young, on October 17, 1978. In her case, plaintiff claimed that a child, Tabitha A. Loubert, was born on November 2, 1972, and is the child of plaintiff and defendant. Pursuant to a stipulation between plaintiff, who was represented by the office of the Midland County Prosecuting Attorney, and defendant, a full blood test and tissue examination (HLA test)[1] was had of the child and of the parties. The stipulation provided "that the results of said tests shall be admissible as evidence in these proceedings before this court".[2]

The tests were made and, apparently, both sides agree that the results of the tests indicate that the probability of defendant being the father of Tabitha A. Loubert is greater than 96.6 percent. When, immediately prior to trial, the trial judge discovered that plaintiff did not intend to establish a foundation so as to admit the results of the tests, he took it upon himself to dismiss the case *sua sponte.* Plaintiff appeals as of right.

We reverse. The *sua sponte* dismissal by the trial judge constituted an abuse of discretion.

In *Genesee Prosecutor v Genesee Circuit Judge,*[3] the Supreme Court said that a circuit judge does not enjoy supervisory power over a prosecuting attorney. Where, as here, the assistant prosecutor

---

[1] Around 1976, the American Medical Association and the section on Family Law of the American Bar Association approved and published "Joint AMA-ABA Guidelines: Present Status of Serologic Testing in Problems of Disputed Parentage". See, 10 Family Law Quarterly, No 3, p 246 (Fall, 1976). The guidelines make clear that H (human) L (leukocyte, white blood cells) A (antigen) tests represent a great technological advance and can be used to predict both probabilities that a particular person is the father and that a particular person is not the father.

[2] Part of the language of the filed stipulation was: "* * * a full blood test and tissue examination including an HLA test [be performed] in order to compare the genetic structure of the cells of the Defendant, with the Plaintiff and that of the minor child of the Plaintiff".

[3] 391 Mich 115, 121; 215 NW2d 145 (1974).

represented to the trial court that he believed he had sufficient evidence to proceed to trial, the obligation of the trial judge was to permit the prosecutor to proceed with trial. If, after the prosecutor submitted his proofs, the trial judge did not believe that the proofs were sufficient, the trial judge could, at that time, make such orders as would be appropriate under the circumstances.

We hold that it was an abuse of discretion to dismiss this case on the court's own motion without hearing the proofs that the prosecutor claimed were sufficient to establish paternity. In so ruling, we are not unmindful of the evidentiary problem which concerned the trial judge and which could arise again after remand if the prosecutor attempts to introduce the results of the HLA tests.

MCL 722.716(d); MSA 25.496(d), which is entitled "Blood tests; admission as evidence", was last amended in 1956 and provides as follows:

"(d) The result of the tests shall be receivable in evidence in the trial of the case but only in cases where definite exclusion is established. If more than 1 expert is appointed by the court, and if they disagree in their findings or conclusions, neither the findings, conclusions or the results of these tests shall be admissable [sic] as evidence of the paternity or non-paternity of the alleged father."

In *Shepherd v Shepherd*,[4] which was a case involving the traditional exclusionary blood tests, this Court gave a literal interpretation to the statute, saying that blood tests disclosing only a probability that a defendant was the father were inadmissible. In the years since 1956, blood testing to show parentage has become greatly improved and far more sophisticated. The HLA tests which

---

[4] 81 Mich App 465; 265 NW2d 374 (1978).

were given here are a potentially powerful tool in determining the probability of paternity.[5]

But, in Michigan, we have not yet had an appellate decision determining the current state of the art concerning HLA testing. Neither has there been a definitive ruling as to the effect, if any, of MRE 401, adopted in 1978.

Consequently, the trial judge's insistence that a proper foundation be laid before he could rule upon the effect of the parties' stipulation to admit the results in evidence was fitting and not at all surprising. We agree that a full evidentiary hearing as to the present state of the art regarding serologic testing such as HLA tests was a condition precedent to admission of the results of the HLA tests.[6] However, in view of the lack of record before us, we are not in a position to rule on these possible issues and decline to attempt to do so.

In summary, we hold that it was an abuse of discretion to dismiss this case on the court's own motion, without hearing the proofs that the prosecutor claimed were sufficient to establish paternity, and remand to the trial court for further proceedings.

Reversed and remanded.

---

[5] See, Terasaki, *Resolution By HLA Testing of 1000 Paternity Cases Not Excluded By ABO Testing,* 16 J of Family L, pp 543-557 (1977-1978); also, 7 Family L Rep, pp 2069, 2070 (December 2, 1980).

[6] *People v Barbara,* 400 Mich 352; 255 NW2d 171 (1977).