TUNE v BLANEY

Docket No. 64481. Submitted June 14, 1983, at Lansing.—Decided March 20, 1984.

Martha Tune filed a paternity action against Robert A. Blaney in Saginaw Circuit Court. Prior to the paternity hearing, plaintiff moved for admission of the results of Human Leukocyte Antigen (HLA) blood tests indicating a 91% probability that defendant was the father of plaintiff's child. The trial court, Gary R. McDonald, J., denied the request because, at the time, the admission of blood test results to show inclusion of a defendant in the class of potential fathers was prohibited by statute. The court found that plaintiff failed to meet her burden of proof and entered an order adjudging that defendant was not the father of plaintiff's child. Five days after the trial, the statute was amended to allow the results of such tests if a determination of exclusion of paternity cannot be made. Plaintiff appeals, arguing that under the rules regarding retroactive application of amended statutes, she must be granted a new trial in order to introduce evidence of the HLA blood test results. *Held:*

1. The rule of retroactivity does not require remand solely because a relevant procedural statute is amended after the conclusion of trial. The trial court did not err in excluding evidence of the defendant's blood type at trial.

2. The issue of whether defendant's failure to answer plaintiff's interrogatories precludes him from testifying at trial is moot and therefore was not addressed by the Court of Appeals.

3. The trial court's findings did not leave the Court of Appeals with the definite and firm conviction that a mistake had been committed.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Statutes § 354.
- [3] 10 Am Jur 2d, Bastards §§ 32, 118.
    Blood grouping tests. 46 ALR2d 1000.
[4] 29 Am Jur 2d, Evidence § 123.
[5, 7] 10 Am Jur 2d, Bastards § 111.
[6] 20 Am Jur 2d, Courts § 84.

SHEPHERD, J., dissented. He would reverse the trial court's order adjudging defendant not to be the father of plaintiff's child and remand for a new trial because of his beliefs (1) that the amendatory statute permitting the admission of the results of the HLA blood test should be applied retroactively, (2) that plaintiff's counsel did not waive his right to raise on appeal the issue of whether the blood test results could be admitted by stating to the court that he was not introducing the results of the test, and (3) that the trial court erred in ruling that defendant did not have to answer plaintiff's interrogatories but could testify at trial if he so chose.

### OPINION OF THE COURT

1. STATUTES — RETROACTIVITY — PROCEDURAL MATTERS.

The rule that statutes pertaining to procedural matters are generally given retroactive effect does not require the Court of Appeals to remand a case solely because a relevant procedural statute is amended after the conclusion of trial.

### DISSENT BY SHEPHERD, J.

2. STATUTES — RETROACTIVITY — PROCEDURAL MATTERS — REMEDIES — RULES OF EVIDENCE.

*Statutes, as a general rule, are only to be given prospective effect unless the Legislature indicates a contrary intent; however, a statute may be given retroactive effect if it relates to procedure, changes a remedy, or deals with a rule of evidence.*

3. EVIDENCE — PATERNITY ACTIONS — BLOOD TESTS — AMENDMENT OF STATUTES — NEW TRIAL.

*A plaintiff in a paternity action who was not allowed to introduce evidence of the results of blood tests under the then existing statute is entitled to a new trial where the statute was amended to allow the admission of such evidence while the plaintiff's time for appeal had not yet elapsed (MCL 722.716[d]; MSA 25.496[d]).*

4. EVIDENCE — FAILURE TO INTRODUCE EVIDENCE — WAIVER.

*An attorney cannot be held to have waived the right to introduce evidence by failure to formally do so if, at the time of trial, he or she by statute did not have the right to have the evidence admitted.*

5. EVIDENCE — PATERNITY ACTIONS — PUTATIVE FATHER — WITNESSES.

*A putative father cannot be compelled to testify in a paternity*

*suit although he is competent to do so (MCL 722.715[a]; MSA 25.495[a]).*

6. STATUTES — PATERNITY ACT — COURT RULES.
   *The provisions of the Paternity Act prevail where there is a conflict between the act and the General Court Rules (MCL 722.711 et seq.; MSA 25.491 et seq.; GCR 1963, 302.2).*

7. EVIDENCE — PATERNITY ACTIONS — PUTATIVE FATHER — TESTIMONY — INTERROGATORIES — PRIVILEGE.
   *The service of written interrogatories upon a defendant in a paternity action is not prohibited, but such interrogatories may be quashed upon the defendant's assertion of his privilege not to testify; if the defendant decides to answer the interrogatories and then decides not to testify, the decision must be honored but the interrogatories and the answers could be used by the plaintiff at trial in the same way that a deposition of an unavailable witness can be utilized at trial (MCL 722.715[a]; MSA 25.495[a]; GCR 1963, 302.4, 309.4).*

*Robert L. Kaczmarek,* Prosecuting Attorney, and *Ray DeGesero,* Assistant Prosecuting Attorney, for plaintiff.

*Klimaszewski & Street* (by *William T. Street),* for defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and R. I. COOPER,* JJ.

M. J. KELLY, P.J. Plaintiff appeals as of right a decision of the trial court holding that plaintiff had failed to establish defendant's paternity by a preponderance of the evidence. Plaintiff's child was born April 4, 1979, and the paternity hearing was conducted on April 15, 1982.

Prior to the hearing, plaintiff moved for the admission of the results of Human Leukocyte Antigen (HLA) blood tests indicating a 91% probability that defendant was the father of plaintiff's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

child. The trial court denied plaintiff's request under MCL 722.716(d); MSA 25.496(d), which, at the time of the hearing, prohibited the admission of all blood test results to show *inclusion* of a defendant in the class of potential fathers. See also *Klein v Franks,* 111 Mich App 316; 314 NW2d 602 (1981); *Cardenas v Chavez,* 103 Mich App 646; 303 NW2d 3 (1980), *lv den* 414 Mich 928 (1982).

Effective five days after the hearing, however, on April 20, 1982, MCL 722.716; MSA 25.496 was amended as follows:

"(4) The result of a blood or tissue typing test, and if a determination of exclusion of paternity cannot be made, a calculation of the probability of paternity made by a person the court determines is qualified as an examiner of blood or tissue types based on the result of a blood or tissue typing test shall be admissible in evidence in the trial of the case."

Plaintiff argues on appeal that under the rules regarding retroactive application of amended statutes, she must be granted a new hearing in order to introduce evidence of the HLA blood test results. We disagree.

While we recognize that statutes pertaining to procedural matters are generally given retroactive effect, the rule of retroactivity does not require remand solely because a relevant procedural statute is amended after the conclusion of trial. The cases cited by plaintiff in support of remand can be distinguished on this ground. In *Tulkku v Mackworth Rees Div of Avis Industries, Inc (On Remand),* 101 Mich App 709; 301 NW2d 46 (1980), *lv den* 411 Mich 897 (1981), this Court held that a new products liability statute should apply to an action remanded for new trial by the Supreme Court on another, unrelated issue. In *McAvoy v*

*H B Sherman Co,* 401 Mich 419; 258 NW2d 414
(1977), and in *Sherberneau v Metropolitan Life Ins
Co,* 44 Mich App 339; 205 NW2d 213 (1973), retro-
active application of a statute was an issue below.
In *Denham v Bedford,* 407 Mich 517; 287 NW2d
168 (1980), and in *Selk v Detroit Plastic Products,*
120 Mich App 135; 328 NW2d 15 (1982), one party
challenged the retroactive application of a statute
which, it was argued, had an effect on some sub-
stantive right. The Courts in these cases found
that the challenged statute affected only a reme-
dial or procedural right and was therefore to be
retroactively applied. None of the above cases
stand for the proposition that post-trial amend-
ments to procedural statutes automatically require
remand for a new trial.

In this case, neither party challenged the valid-
ity of the statute at trial nor did the trial court
erroneously construe or apply it. We thus hold
that the trial court did not err in excluding evi-
dence of the defendant's blood type at trial and we
decline to remand on the basis of the amended
statute alone.

Because we find no need to remand for a new
hearing, we decline to address the technically
moot issue of whether defendant's failure to an-
swer plaintiff's interrogatories precludes him from
testifying at trial. GCR 1963, 302.2(1). Defendant did
not answer plaintiff's interrogatories but neither
did he testify at trial.

Finally, we cannot say that the trial court's
findings leave us with the definite and firm convic-
tion that a mistake has been committed. *Tuttle v
Dep't of State Highways,* 397 Mich 44, 46; 243
NW2d 244 (1976); *Precopio v Detroit,* 415 Mich
457, 462; 330 NW2d 802 (1982). Defendant's
mother testified at the hearing that plaintiff had

admitted on at least two occasions that she was uncertain of whether defendant or another man was the father of her son. Matters of witness credibility are best left for the trier of fact. GCR 1963, 517.1.

Affirmed.

R. I. COOPER, J., concurred.

SHEPHERD, J. *(dissenting)*. I dissent since I believe that the statute permitting the admission of the results of the HLA blood test applies retroactively; because I do not believe plaintiff's counsel waived the admissibility of the results of the test under the circumstances of this case; and because I believe that the ruling by the trial court regarding the defendant's refusal to answer interrogatories was incorrect.

## I. RETROACTIVITY OF AMENDMENTS TO MCL 722.716; MSA 25.496

Were it not for the procedural nature of the issues in this case, there would be little question as to the results on appeal. There was substantial evidence both in favor of and against paternity. The trial judge ruled in favor of defendant and his ruling is not against the great weight of the evidence admitted at trial. However, the HLA blood test which showed a 91% probability that defendant is the father was excluded and I believe that, if the test results had been admitted, those results might have had substantial influence on the court's opinion.

At the time of trial, MCL 722.716(d); MSA 25.496(d) prohibited the admission of all blood test results as probative evidence of paternity. Test results could be admitted only if they excluded a

putative father from consideration. The HLA blood test is a blood test within the meaning of this statute. *Klein v Franks,* 111 Mich App 316; 314 NW2d 602 (1981). As indicated in the majority opinion, the statute has since been amended, *i.e.,* five days after trial.

As a general rule, statutes are only to be given prospective effect unless the Legislature indicates a contrary intent. *Tulkku v Mackworth Rees Division of Avis Industries, Inc (On Remand),* 101 Mich App 709, 717; 301 NW2d 46 (1980), *lv den* 411 Mich 897 (1981). The rule, however, is subject to various exceptions. A statute may be given retroactive effect if it relates to procedure, *McAvoy v H B Sherman Co,* 401 Mich 419, 459; 258 NW2d 414 (1977), changes only a remedy, *Denham v Bedford,* 407 Mich 517, 529; 287 NW2d 168 (1980); *Bannan v Saginaw,* 120 Mich App 307; 328 NW2d 35 (1982); *Selk v Detroit Plastic Products,* 120 Mich App 135; 328 NW2d 15 (1982), or deals with a rule of evidence, *Tulkku, supra,* p 717; *Sherberneau v Metropolitan Life Ins Co,* 44 Mich App 339, 344; 205 NW2d 213 (1973). The amendment to MCL 722.716(b); MSA 25.496(d) falls into the final exception. It provides that the result of a blood test, including a HLA test, "shall be admissible in evidence in the trial of the case". 1982 PA 129. The amendment clearly promulgates a rule of evidence and must be given retroactive effect. This is particularly true since the amendment is remedial in nature, see *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959); *Rookledge v Garwood,* 340 Mich 444; 65 NW2d 785 (1954), and defendant's right to have the evidence excluded was not a vested one.

My review of the above cases causes me to conclude that retroactivity means complete retro-

activity and that a new trial is required if the law of evidence changes while the case is pending at any stage, including post-trial procedures.

The same result was reached by this Court in *Tullku, supra*. There, the accident which was the subject of the trial occurred on October 4, 1967. The trial took place in October, 1975. In 1978, during the pendency of plaintiff's appeal to the Supreme Court, legislation was enacted affecting the admissibility of evidence in a products liability action. On remand, this Court determined that the statute was to have retroactive effect, noting that the Legislature intended by its enactment to redress grievances and relieve inequities and thus must have "intended the statute to apply to all actions pending, accrued, or future". *Tulkku, supra*, p 718. See, also, 73 Am Jur 2d, Statutes, § 354, pp 489-490, and 82 CJS, Statutes, § 424, p 1001.

Here, the statute was amended within the time allowed for the filing of an appeal. As plaintiff did subsequently appeal, this action was pending at the time of the amendment and is therefore governed by the statutes as amended.

In this case, the new act cited above became effective April 20, 1982, just five days after trial and I believe that a new trial is required in order to permit the trial court to weigh the effect of the HLA blood test showing a 91% probability of paternity. Given the closely contested testimony and evidence at trial, the HLA test results may well be of decisive importance to the trial judge in reconsideration. HLA testing is a " 'potentially powerful tool in determining the probability of paternity' ". *Pizana v Jones,* 127 Mich App 123, 128; 339 NW2d 1 (1983), citing *Varney v Young,* 106 Mich App 545, 547-548; 308 NW2d 276 (1981).

The exclusion of the test results cannot be considered harmless.

## II. WAIVER

Prior to trial, plaintiff requested admission into evidence of the HLA test results in her answer to defendant's motion to quash interrogatories. Although no ruling was made by the trial court on the record, it appears that off-the-record discussions were held regarding the evidence and counsel for plaintiff said at trial that he was not introducing the test. After trial, on May 13, 1982 (*i.e.,* after the effective date of the amendments to MCL 722.716; MSA 25.496), the court signed an order denying the request to have the test results admitted.

This order was obtained by counsel for plaintiff *ex parte* and he may have done so to protect the record on appeal—although for the reasons stated below, such protection was probably unnecessary.

Defendant claims that by stating to the court that he was not introducing the test, counsel for plaintiff waived his right to raise the issue on appeal. I disagree. At the time of trial, plaintiff was not allowed by law to introduce the HLA blood test results. According to the order of May 13, 1982, she had apparently earlier urged the court to admit the test results, without success. This is supported by plaintiff's request for admission into evidence of the test results which was included in her answer to defendant's motion to quash filed on March 3. In any event, counsel's statement on the record that he was not introducing the test was nothing more than an acknowledgment that he was following the law then in effect. Fairness requires me to hold that an attorney cannot be held to have waived the right to

introduce evidence by failure to formally do so if, at the time of trial, he or she by statute did not have the right to have the evidence admitted.

In *Morris v Radley,* 306 Mich 689; 11 NW2d 291 (1943), a defendant did not assert a defense of governmental immunity because the Supreme Court had, in an earlier unrelated case, ruled that that defense was unavailable to a county road commission (one such commission was a defendant in *Morris).* In a subsequent case, the Supreme Court reversed its earlier opinion.

On appeal, the Supreme Court set aside the judgment against the defendant road commission, notwithstanding its failure to raise at trial the defense asserted on appeal, because the defendant had understandably relied upon the earlier ruling and the change in the law clearly made a material difference in the likely outcome of the case. Fairness, said the Court, required the setting aside of the earlier judgment.

Applying the same rationale, I find that plaintiff's counsel's failure to vigorously argue for admission of the test results at trial cannot be held against plaintiff where counsel was restricted in his efforts to introduce the evidence by the then state of the law.

### III. Election Between Interrogatories and Testimony

Prior to trial, plaintiff submitted a set of 31 written interrogatories to defendant, which defendant refused to answer, citing *Pridemore v Williams,* 90 Mich App 483; 282 NW2d 363 (1979). Upon defendant's refusal to answer the interrogatories, plaintiff moved to prohibit defendant from testifying at trial. The trial court ruled that defen-

dant did not have to answer the interrogatories but could testify at trial if he so chose. Defendant did not take the stand at trial. On appeal, plaintiff argues that the trial court erred in refusing to require defendant to make an election between refusing to answer the interrogatories and testifying at trial. Technically, this issue is moot since defendant subsequently elected not to testify. The situation which would compel an election according to plaintiff therefore never arose. Since I would remand this case for a new trial, however, where the issue would again arise and defendant might wish to testify, I will discuss the matter in order to provide a more complete statement of my view of this case.

In a paternity suit, although competent to do so, "the alleged father shall not be compelled to testify". MCL 722.715(a); MSA 25.495(a). In *Pridemore, supra,* this Court determined that this rule also prohibited the service of written interrogatories upon a defendant in a paternity action, pursuant to GCR 1963, 309 and 313.1(2). Where there was a conflict between the Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* and the General Court Rules, the provisions of the Paternity Act were held to prevail.

In the instant case, upon defendant's motion to quash interrogatories, plaintiff asked that defendant be barred from testifying at trial should he elect not to answer the interrogatories. Defendant argued that the holding in *Pridemore* forbade the serving of interrogatories upon putative fathers and that that holding, together with the statutory provision making defendant's testimony competent but not subject to compulsion, mandated the conclusion that defendant need not make an election but could testify selectively. The trial judge agreed

with defendant, quashing the interrogatories and ruling that defendant could testify or not, as he so chose. I, however, disagree with the conclusion reached by the *Pridemore* Court and find plaintiff's argument more persuasive.

In so doing, I first point out that the *Pridemore* Court was not faced with the facts or the issue presented in the instant case. The defendant in *Pridemore* had refused to answer interrogatories which the trial court had then ordered him to answer. The subject of trial testimony was not discussed and the plaintiff did not ask that the defendant be forced to elect between refusing to answer interrogatories and testifying at trial. The issue presented in the instant case, therefore, whether defendant here should have been compelled to make such an election, was not reached by the *Pridemore* Court. The use of interrogatories in a paternity action, however, an issue resolved in *Pridemore,* is of underlying importance here. In deciding that defendant could be put to an election, I also would hold that the service of interrogatories upon defendant is not prohibited. The putative father may exercise the statutorily enacted privilege of not answering the interrogatories but nothing in the statute prohibits the mother from submitting interrogatories which defendant may choose to answer.

In *Roe v Cherry-Burrell Corp,* 28 Mich App 42; 184 NW2d 350 (1970), this Court held, on the authority of GCR 1963, 302.2, that a party claiming a privilege in order to prevent the taking of an expert witness's deposition could not then offer the testimony of that witness at trial as it pertained to the evidence objected to at the deposition. The Court said:

"The plaintiff's choice is clear; he may either claim

the privilege or allow the physician to be deposed, and under the court rule he can be put to a choice in advance of trial * * *." *Roe,* p 45.

See, also, *Eberle v Savon Food Stores, Inc,* 30 Mich App 496; 186 NW2d 837 (1971). In *Roe, supra,* the plaintiff's claim of privilege was based on either the physician-patient or attorney-client privilege or the work product restriction.

The right not to testify asserted here by defendant is also a privilege, since he could testify or not, as he chose. As such, it is governed by GCR 1963, 302.2 because interrogatories must be controlled by the same sanctions which apply to the depositions which were the subject of *Roe,* the scope of examination and permitted use of the answers being the same for both discovery devices. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 160. Both statutory and common-law privileges may be invoked. See *Wilson v Saginaw Circuit Judge,* 370 Mich 404; 122 NW2d 57 (1963), and *Eberle, supra.* A defendant must therefore elect to either assert his privilege or not; he may not choose to assert it piecemeal. If a defendant elects to assert his privilege, *i.e.,* if upon a retrial he still were to choose not to answer plaintiff's interrogatories, he could not testify at trial regarding the subjects covered by the interrogatories.

In reaching this result, I do not reject the *Pridemore* Court's conclusion that, where there is conflict, the provisions of the Paternity Act prevail over the General Court Rules. However, I find no conflict to be evident here. Defendant is not required by the court rules to forego his privilege; he is merely required to assert it consistently. The holding in *Pridemore,* therefore, goes too far. The service of written interrogatories upon putative fathers is not to be prohibited but should be al-

lowed subject to motions to quash based upon assertion of the statutory privilege. As the *Pridemore* Court also found, "the use of written interrogatories as a discovery technique in paternity actions is a valid and permissible procedure". 90 Mich App 490. I agree and see no reason to unnecessarily curtail its use where adequate safeguards exist to protect defendant's rights and interests. Plaintiff at least should be allowed to attempt discovery. See *Eberle, supra,* p 500. Should a defendant choose not to testify at trial, however, plaintiff is not entitled to obtain information via discovery which defendant may not otherwise be compelled to divulge. That conclusion is clearly mandated by MCL 722.715(a); MSA 25.495(a). If a defendant chooses to testify, however, he may not surprise or disadvantage a plaintiff by refusing to supply those facts or assertions which he intends to offer at trial and which will obviously, therefore, eventually become known to plaintiff. It is a defendant's option to testify which is protected by statute, not his desire to offer only selected testimony of a nature and at a time to be determined solely by a defendant. It is worth noting in this regard that, once a defendant testifies, he is subject to cross-examination by the plaintiff. MCL 722.715(a); MSA 25.495(a). I therefore expressly reject the holding reached by a panel of this Court in *Pridemore v Williams, supra,* and hold that the service of written interrogatories upon a defendant in a paternity action is not prohibited but that such interrogatories may be quashed upon the defendant's assertion of his privilege not to testify.

If a defendant decides to answer the interrogatories and then decides not to testify, this decision must be honored under MCL 722.715(a); MSA 25.495(a). However, GCR 1963, 309.4, which refers

to GCR 1963, 302.4, allows interrogatories to be used at trial where the witness is not subject to process or a party is unable to procure the attendance of the witness by a subpoena. Therefore, the interrogatories and the answers could be used by the plaintiff at trial in the same way that a deposition of an unavailable witness can be utilized at trial. A defendant is not prejudiced by the use of interrogatories at trial because he would have answered them voluntarily.

I would reverse the trial court's order adjudging defendant not to be the father of plaintiff's child and remand for a new trial.