**Janice K. SCHULER, Co-Personal Representative of the Estate of Charles F. Schuler, Deceased, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Ethelyn M. WILSON, Personal Representative of the Estate of Richard J. Wilson, Deceased, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Nos. G84–382CA, G84–99CA.**

United States District Court, W.D. Michigan, S.D.

Oct. 8, 1986.

---

Richard K. Willard, Asst. Atty. Gen., John A. Smietanka, U.S. Atty., Dennis F. Carroll, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S., James S. Dillman, Asst. Chief Counsel by Jerome P. Jones, Litigation Div., F.A.A., U.S. Dept. of Transp., Washington, D.C., of counsel.

Sullivan, Ward & Bone, P.C. by Richard G. Ward, Detroit, Mich., for defendant Teledyne Continental Motors Aircraft Prod. Div.

Zamplas, Paskin, Nagi, Baxter, Johnson & Walker by David R. Baxter, Detroit, Mich., Bronson, Bronson & McKinnon by Bonnie Cohen, Edwin Green, San Francisco, Cal., co-counsel, for Cessna Aircraft.

Schaden & Heldman by Kathleen O'Brien, Birmingham, Mich., Harry J. Knudsen, Muskegon, co-counsel, for plaintiffs.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This action arises out of an airplane crash which resulted in the death of plaintiffs' decedents. The plaintiffs have brought a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, for the negligence of air traffic controllers and products liability claims against the manufacturers of the airplane and the engine for negligence and breach of warranty. The matters before the Court are defendant Cessna's motion to waive physician/patient privilege and plain-

tiffs' motion to compel answers to interrogatories.

## Physician/Patient Privilege

As an affirmative defense, defendant Cessna seeks to prove that the pilot of the plane, plaintiff's decedent Richard Wilson, suffered from medical conditions which affected his judgment, resulting in the crash. Cessna requested and plaintiff Wilson provided copies of the decedent's medical records from Doctors Brubaker and Aardema, the treating and flight physicians. Subsequently, Cessna sought to depose these physicians and plaintiff Wilson objected, asserting the physician/patient privilege. Defendant contends that failure to assert the privilege by written waiver at the time of production of the documents amounts to a waiver of the privileged communications. Defendant therefore seeks an order declaring the privilege waived so that it may depose these physicians and/or call them as witnesses at trial.

■ It is well established that a Federal Court sitting in diversity must apply State substantive law in conjunction with Federal procedure. *Erie Railway Co. v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188 (1938). Fed.R.Civ.P. 26(b)(1) limits discovery to relevant matters "not privileged." The term, "not privileged" refers to "privileges" as that term is understood in the law of evidence. *U.S. v. Reynolds*, 345 U.S. 1, 6, 73 S.Ct. 528, 531, 97 L.Ed. 727 (1953). Fed.R.Evid. 501 provides that where "an element of a claim or defense as to which state law supplies the rule of decision, the privilege of a witness, person, government, state, or political subdivision thereof shall be determined in accordance with State law."

■ The physician/patient privilege in Michigan is found by statute, at M.C.L.A. § 600.2157 and by court rule, at MCR 2.314(B)(1). Plaintiffs contend that the court rule is inapplicable in assessing the scope of the privilege because state substantive law and federal procedure should be applied in diversity cases. *Erie R. Co. v. Thompkins*, 304 U.S. at 64, 58 S.Ct. at 817. This general premise is correct, however, the plaintiffs have misapplied the *Erie* doctrine in this case. Applying *Erie*, federal procedure in this instance lacks any provisions with respect to privileges, therefore the Court is directed to apply the state law of privileges. Having already applied federal procedure, which dictates the application of state privilege law, the court need not distinguish state substantive law and procedure. The "state law" of privilege includes not only statutory provisions, but any procedures governing the waiver of the privilege as would be applied by state courts.

In this case, the state statute and court rules conflict as to the procedures necessary to preserve the physician/patient privilege. The plain language of the statute indicates that the privilege is waived when the plaintiff in a personal injury case produces any physician as a witness at trial to testify as to treatment for such injury.[1] The present Michigan Court Rule, MCR 2.314(B)(1) provides that the privilege must be asserted in a written response to a request to produce, or it is waived for pur-

---

1. M.C.L.A. § 600.2157 reads:

§ 600.2157. Physician-patient privilege; waiver
Sec. 2157. No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, however, That in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has treated him for such injury, or for any disease or condition, with reference to which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as to any or all other physicians, who may have treated him for such injuries, disease or condition: Provided further, That after the decease of such patient, in a contest upon the question of admitting the will of such patient to probate, the heirs at law of such patient, whether proponents or contestants of his will, shall be deemed to be personal representatives of such deceased patient for the purpose of waiving the privilege hereinbefore created.

poses of the action.[2] Although Michigan courts have held, pursuant to the statute, that the privilege cannot be involuntarily waived by failure to assert it prior to trial, the decisions were rendered prior to the inception of the new court rules. *See, Eberle v. Savon Food Stores, Inc.,* 30 Mich.App. 496 (1971).

■ It is clear that the Michigan Supreme Court intended that MCR 2.314 control the procedures involved in assertion of and waiver of the physician/patient privilege. The rule was promulgated in full awareness of the conflicting statutory provisions and the committee notes indicate that the intent of the rule is to "require[s] a party to decide whether or not to assert the privilege at the discovery stage." MCR 2.314, advisory note. The committee further comments that "if a party does not assert the privilege in response to a request to produce, it is waived." *Id.* In addition to judicial intent in this regard, the general rule is that where a court rule and statute conflict on procedure, the court rule controls. *Schaeffer v. Schaeffer,* 106 Mich. App. 452 (1981). Moreover, Michigan courts have held that rules of evidence are matters involving judicial practice and procedure and they therefore take precedent over conflicting statutes. *Dahn v. Sheets,* 104 Mich.App. 584 (1981).

■ The Court is of the opinion that the court rules control the procedures for assertion of the privilege and in this instance, the privilege was not timely asserted. Plaintiff Wilson has voluntarily produced medical documents on several occasions without asserting the privilege in writing as required by the court rule. The Court therefore concludes that the physician/patient privilege of decedent Richard Wilson has been waived and the Court further permits defendant Cessna to depose Doctors Brubaker and Aardema and/or call them as witnesses at trial.

**2.** MCR Rule 2.314(B)(1) reads:

(B) Privilege; Assertion; Waiver; Effects

(1) A party who has a valid privilege may assert the privilege and prevent discovery of medical information relating to his or her men-

## MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Plaintiffs served the following interrogatory upon defendant Cessna's expert witness, Charles Barry:

Please review your files and identify each and every lawsuit in which you have consulted and/or testified.

At a hearing on this matter, plaintiffs qualified their request, indicating that they only seek cases on which Dr. Barry consulted on the issue of whether a pilot of an airplane was made of the "right stuff." Defendant Cessna objects to the question insofar as it requests information regarding cases on which Dr. Barry has consulted but not testified. Cessna contends that the question is overbroad and violates the work product privilege of other attorneys who consulted Dr. Barry but did not disclose his identity for purposes of testimony. Furthermore, defendant contends that if Dr. Barry has been consulted by private parties, he is precluded from providing any information regarding that consultation without consent of the parties. Plaintiffs, in response, filed the present motion.

■ "Work Product" which is protected against discovery covers material prepared by an attorney in anticipation of litigation, including private memoranda, written statement of witnesses and mental impressions of personal recollections prepared or formed by attorneys in anticipation of litigation or for trial. *Com. of Puerto Rico v. S.S. Zoe Colocotroni,* 61 F.R.D. 653 (D.C.Puerto Rico 1974). The interrogatory at issue does not seek to disclose any materials and/or impressions prepared or formed for purposes of trial. The plaintiffs seek the names of cases on which the Doctor has consulted, and such information is not precluded by the work product doctrine. Furthermore, while any doctor/patient relationship between Dr. Barry and

tal or physical condition. The privilege must be asserted in the party's written response under MCR 2.310. A privilege not timely asserted is waived in that action, but is not waived for the purposes of any other action.

private parties may prevent his testimony with respect to medical findings and diagnoses, the Doctor may properly testify that he treated, or in this case consulted with the parties. *See, McKinney v. Liberty Life Insurance Company of Illinois*, 263 Mich. 490 (1933). Accordingly, plaintiffs' motion to compel answers to interrogatories is granted. Defendant's expert Dr. Barry shall furnish a complete answer to interrogatory no. 4 within ten (10) days.